CALVIN P. AUSTIN v. SOLOMON HOWE.

A decree of foreclosure, by a court of chancery, cannot be proved by the docket minutes of the court, merely; the decree itself, as drawn up and signed, or a copy of the record, if it have been enrolled, is the only legitimate evidence of the decree.

It is no defence to an action on note, that the note was secured by mortgage, and that the mortgagee has obtained a decree of foreclosure, if he have not enjoyed the premises, nor taken, nor attempted to take, possession of them.

ASSUMPSIT upon a promissory note. Plea, the general issue, and trial by the court.

On trial the execution of the note by the defendant was conceded, and the defendant then offered evidence tending to prove that the note declared upon, with several others, was secured by a mortgage of certain premises, and that the plaintiff, in the name of one Seneca Austin, brought his bill of foreclosure to the court of chancery for Addison county, on said mortgage, and that said bill, at the June term of said court, 1843, was taken as confessed, and was referred to a master on the 18th day of June, 1843, to ascertain and report the sum due in equity, who made his report June 20, 1843, showing

Austin *v.* Howe.

the sum due; also the docket minutes of said court, showing at what time the different payments were to be made; also evidence tending to prove that the first payment, specified in the docket minutes, was never made, and that the premises described in the bill of foreclosure and mortgage were of sufficient value to pay all the notes, which were described in said mortgage, and that said premises were timber lands, and uncultivated. It appeared, that no decree, in form, had ever been made and signed, or enrolled, in the case. The court refused to admit the evidence offered and rendered a judgment for the plaintiff, for the amount of the note declared upon. Exceptions by defendant.

*Linsey* and *Wicker* for defendant.

*Briggs & Williams* for plaintiff.

The opinion of the court was delivered by

HEBARD, J. This was an action upon a promissory note, and the defence is, that the note, with others, is secured by mortgage; and that a bill of foreclosure has been brought upon that mortgage, and that the bill was taken as confessed, and was referred to a master, who, on the 20th of June, 1843, made report of the sum due, which report was ordered to be filed in the court of chancery, together with the docket minutes of the clerk, in relation to the time when the several sums were to be paid. The defence goes upon the ground, that a decree has been made in the case, fixing upon the time when the different sums should be paid, and that the decree has not been complied with, and that the premises have become vested in the orator in that bill.

We, in the first place, think that there was no such evidence of any decree offered, as the court would have been justified in regarding. If there was any decree, it must be proved in the proper way. The decree itself, as drawn up and signed, or a copy of the record, if it have been enrolled, would be the only legitimate evidence of the *decree.* We therefore think, clearly, that, as the premises have not been enjoyed by the orator, and no possession had been taken, or attempted to be taken, by him, the defence that was offered could not avail the defendant.

It would seem to be unnecessary to take much time in disposing of this case, after having said thus much; for we think that the law upon this point is fully and correctly set forth in the case of *Lovell* v. *Leland,* 3 Vt. 581 ; and that case falls short of sustaining the defence, that was attempted to be made in this case..

Judgment affirmed.