## Solomon Downer *v.* Horace Dana.

The effect of a discharge in bankruptcy will not be avoided by the omission of the bankrupt to state, in his schedule, the debt, in bar of which the discharge is pleaded, unless such omission were fraudulent.

In an action of debt upon a judgment rendered by the supreme court, the record, produced for the purpose of proving the judgment declared upon, should either recite, or state, enough of the previous proceedings, to show that the parties were properly in court and that the subject matter of the suit was within the cognizance of the court.

The supreme court cannot make a final decree in a suit in chancery, but must remand the case to the court of chancery, to be there proceeded with according to the mandate of the supreme court. Hence an action of debt cannot be sustained upon a judgment of the supreme court, that a bill in chancery be dismissed, with costs; but the costs must be taxed in the court of chancery, and the final decree taken there.

Debt upon judgments. In the first count of his declaration the plaintiff declared upon a judgment, alleged to have been rendered in his favor against the defendant by the supreme court for the

county of Orange, March Term, 1845, for $72,49, costs of suit. In the second count he declared upon a judgment rendered by the supreme court for Windsor county, February Term, 1841, for $8,00, costs of suit. The defendant pleaded *nul tiel record*, and also pleaded a discharge in bankruptcy. The pleas were traversed, and issue joined. Trial by the court, November Term, 1849,—KELLOGG, J., presiding.

On trial the plaintiff gave in evidence a copy of a record of the supreme court for Orange county, March Term, 1845, in which it was recited, that at a term of the court of chancery for Orange county, held in June, 1844, the plaintiff, Downer, obtained a decree against the defendant, Dana, and Chester Baxter, reciting it, and that it was ordered, as part of said decree, that Dana pay the plaintiff's costs in that suit; that the defendants in that suit appealed from that decree; and that, at the March Term, 1845, of the supreme court that decree was affirmed, with additional costs, allowed at the sum of $72,49. This evidence was received by the court, subject to objection. The plaintiff also gave in evidence an execution which issued from the supreme court upon this judgment, with the sheriff's return thereon of *nulla bona*. The plaintiff also gave in evidence the record of the judgment described in the second count in his declaration.

The defendant then gave in evidence his certificate of discharge in bankruptcy, dated May 6, 1843. It appeared, that neither of the judgments declared upon in this suit was mentioned in the defendant's schedule of debts, filed in the course of the proceedings in bankruptcy; but the cause of the omission did not appear.

The county court decided, that the record offered in support of the first count in the declaration was insufficient, for the reason that it did not state the previous proceedings in chancery, upon which it was based, and that the discharge in bankruptcy barred the plaintiff's right to recover upon the second count, and rendered judgment for the defendant. Exceptions by plaintiff.

*W. C. French* for plaintiff.

The statute requires, that, in case of appeal from the decree of a chancellor, the papers shall be transferred to the supreme court; but there is nothing requiring the clerk of the supreme court to

Downer *v.* Dana.

record the bill, answer, &c. It is sufficient, if he make a concise statement of the case and the decision of the supreme court thereon. *Davidson* v. *Murphy*, 13 Conn. 213. The rule, which is applied in some cases, where actions are brought to enforce decrees in chancery, that the previous proceedings should be shown, does not apply to a case of this kind. Under the plea of *nul tiel record* the judgment, or decree, only, need be shown ; it is not necessary to show the previous proceedings. *Jones* v. *Randall*, Cowp. 17. *Gardere* v. *Columbian Ins. Co.*, 7 Johns. 514. *Rathbone* v. *Rathbone*, 10 Pick. 1. *Ferguson* v. *Harwood*, 7 Cranch 448, [2 U. S. Cond. R. 548.] The plaintiff, in this case, does not declare upon the decree, but upon the judgment for costs. *Story* v. *Kimball*, 6 Vt. 541. *Blodget* v. *Jordan*, Ib, 580. 17 Vt. 518.

The certificate in bankruptcy should not be held a bar to the plaintiff's claim. The presumption of law should be, that the defendant fraudulently omitted to mention this debt in his schedule. It is incumbent upon him, to show that it was omitted by mistake.

*O. P. Chandler* for defendant.

The record offered in support of the first count is defective. If the action counts upon the judgment, the whole of the previous proceedings must appear. In this case it does not even appear, that service was made on the defendant, or that the court had any jurisdiction over him. 1 Greenl. Ev. 621, § 511.

To avoid the discharge in bankruptcy, the omission must appear to have been fraudulent.

The opinion of the court was delivered by

REDFIELD, J. A question is made, in the present case, whether the effect of a discharge in bankruptcy is avoided, by showing, that the matter in suit was not contained in the bankrupt's schedule. But we think that matter too well settled, to require discussion. If the omission is accidental, or from any other cause, not involving the petitioner in fraudulent concealment, the omission will not in any manner avoid, or hinder, the effect of the discharge. A contrary rule would not only be attended with great hardship, but be liable to great abuse, in numerous ways.

The question as to the sufficiency of the record of the decree in chancery is, in our judgment, free from all difficulty.

Taking it for granted, that the supreme court have final jurisdiction in all matters in equity, not only to hear and determine, but to make and enrol final decrees, it should at least appear, that the matter was properly before the court, so that jurisdiction was fairly and formally obtained. Strong presumptions will usually be made in favor of the decrees and judgments of courts of general jurisdiction. But enough of the previous proceedings should either be recited, or stated, to show, that the parties were properly in court, and that the general nature of the subject matter came within the cognizance of the court. For this purpose it is not necessary, as is sometimes done, to copy the antecedent process; but a mere statement of the defendant being summoned, or attached, with the common form, *taliter processum est*, is ordinarily regarded as a sufficient preface to the statement of the judgment. And here, as the supreme court obtains jurisdiction only by means of that of the court of chancery, in the first instance, it is as necessary to state the proceedings before that court, as if the record were of a decree, made final in that court. But in the present record it is only stated, that the party obtained a decree in the court of chancery, from which an appeal was taken to the supreme court,—whether with, or without antecedent process is not stated, or implied, unless in the negative, from the unusual silence of the record upon this point, when the common form justifies the expectation, that something positive will appear, if the facts will warrant it.

But there is another fatal defect in the transcript of record offered in evidence. It purports to be the record of the final decree of the court of chancery in the *supreme court*, which, as our courts are at present arranged, is only a court of law, and has no chancery jurisdiction whatever, strictly speaking. It is true, that this court is made a court of appeal for the final hearing of cases in equity; but whether the decree of the chancellor is affirmed, or reversed, the case is always *remanded* to the court of chancery, where the final decree is ultimately recorded, or enrolled, which is the only record of the decree of the court of chancery. So that in England, the court of chancery is not strictly denominated a court of record. The decree, or judgment of the court of chancery, can only be shown by the original decree, or a copy of the enrollment; which is always in the court of chancery, and never in the supreme court.

*Viles et al.* v. *Moulton,* 11 Vt. 470. *Morse et al,* v. *Slason et al.,* 13 Vt. 296. *Austin* v. *Howe,* 17 Vt. 654. The Revised Statutes, chap. 24, § 21, are explicit upon this point,—"When an appeal shall have been so heard and determined, all the proceedings, together with the judgment, decree, or order, of the supreme court therein, and all things concerning the same, shall be remitted to the court of chancery, where such proceedings shall be thereupon had, as may be necessary to carry such judgment, &c., into effect." So that whether we regard the statute, in its terms, or the practical construction, which it has received, the copy given in evidence in this case is nothing more than the docket minutes of the clerk, in the supreme court, and in no sense the copy of the enrollment of the final decree in the court of chancery.

Judgment affirmed.