Lane, C. J.
This case presents a motion, by the plaintiff, for judgment on a verdict, and a motion, from the defendant, for a new trial.
In 1837, Foote leased certain tenements from Longworth, for five years, at the annual ground rent of $300. In 1838, the city extended Pearl street, and occupied the whole land leased. This *349 suit is brought by Foote, to recover damages for this appropriation of his property. The jury, under the direction of the court, have assessed his damages at $3,860.10, if by law, he is released from the payment of his rent; but if his liability subsists to pay rent for the residue of his term, they estimate his damages at $5,201.76.
*The questions arising are, whether the plaintiff shows a right to recover in a suit at law, without averring by his declaration that he has attempted to get his compensation in the form prescribed by the charter and city ordinances, and if such recovery may be had, for what sum he is permitted to take judgment.
In March, 1838, an act was passed amending the city charter, and authorizing the council to open streets, ascertain damages, and provide for their adjustment. In May, 1838, an ordinance was made to carry this act into effect. The defendants insist that the plaintiff must show, by pleading, an attempt to obtain his com pensation by the provisions of this ordinance, before recovery.
But the amendatory act was to be of no force until adopted “by a majority of the voters of the city.” Section 8 of the act provides “that the qualified voters of said city are hereby authorized, af the timo and place of holding their annual election in April next, to vote by ballot for or against this act becoming a part of the charter of said city; and at such election it shall be lawful for said qualified voters to indorse on their tickets, ‘yea,’ or ‘nay,’ which tickets shall be received by the trustees of said city, who shall act as judges of said election and make, returns thereof to the mayor of said city, at his office, in the same manner that returns of the election of city officers are required to be made by the act to which this is an amendment.” 36 Ohio L. 242. To obtain this acceptance, the council requested the qualified voters of the city to vote on this question at the township polls. Now this vote may justly be held void, for although the territorial limits of the city and the township are the same, they constitute different political organizations; the elections are holden before different officers, and the voters composing the two corporations possess different qualifications. The plain intention of the legislature was to present the question of acceptance to the voters of the city at some regular city election; and a request to vote at an election held for a different purpose, and *in a different municipal organization, is no fair compliance with the law.
*350 But the objection is capable of a different and conclusive answer. Unless the law by which the defendant’s property is taken for a public use provides him a compensation, it is void. McArthur v. Kelly and others, 5 Ohio, 143; 2 Kent’s Com. 339.
This charter does not attempt to afford compensation to any except to the owners who hold freeholds, or renewable leaseholds of ninety-nine years, leaving shorter interests, like the plaintiff’s, entirely without protection. There can, therefore, be no obligation on him to appeal to a law which affords him no remedy; and the case of Hickox v. City of Cleveland, 8 Ohio, 543, renders no such recurrence necessary. His right, then, to the common forms of justice is unimpaired, and he may well sustain the present suit.
The jury having found the alternative damages, it only remains for us to determine for which sum he may take judgment. If his liability to pay rent to his landlord subsists after this appropriation of his property to a public use, his compensation should cover such rent; but if his rent is extinguished by such occupation, he is entitled to no indemnity. We are referred to Gillespie m Thomas, 15 Wend. 464, as an authority to show that the rent is discharged. We find the court adjudicating upon the proceedings of street commissioners in New York, exercising special statutory powers, who have all parties, both landlords and tenants, before them, and who adjust all interests and satisfy all damages. The proceedings of such a tribunal, by whom the landlord obtains a compensation for his rent, involves a discharge of the lessee. But this case does not touch the general principle that the right of eminent domain, or the right of appropriating land to public uses, is no proper technical incumbrance of the land, and that such appropriation is no eviction. Folts v. Huntley, 7 Wend. 211; Elisha Parks v. City of Boston, 15 Pick. 198. The rights of the parties, therefore, are unaffected by those rights. The tenant’s liability to pay rent to his landlord ’^continues unimpaired, and he is entitled to a compensation to include the largest sum.
Judgment- for plaintiff.