Special Term—GHOLSON, J., presiding.

### ALBERT GRAF *vs.* FREDERICK WIRTHWEINE & PHILIPINE WIRTHWEINE.

The subject matter of an agreement under the statute of frauds, may be shown by extrinsic parol testimony.

The mere contingent interest of the wife to dower, forms no ground for joining her as a defendant with her husband in an action for the specific performance of an agreement for sale of real estate.

Where petition simply alleges a contract with a married woman in relation to real estate, objection is well taken by demurrer.

Under 29th Sec. Code married woman sued with husband may defend separately by attorney.

GHOLSON, J., delivered the opinion of the Court:

The plaintiff entered into an agreement with Frederick Wirthweine and his wife, the memorandum of which, as reduced to writing, is as follows:

"*Cincinnati, January* 13th 1854.

" The undersigned hereby certifies that he sold his house " and lot to Mr. Albert Graf for ($3,200) say three thou- " rand two hundred dollars. Mr. A. Graf agrees to pay " him one half of said sum in cash on the 16th of March " 1854, and the other half in eighteen months, and during " said time to pay six per cent interest thereon. This " is certified by FREDERICK WIRTHWEINE & PHILIPINE WIRTHWEINE."

Witness, FREDERICK GOSER.

The petition on this agreement is filed against Frederick Wirthweine and his wife. It sets forth by description

the house and lot in contemplation of the parties, states an offer to perform on the part of the plaintiff, and a refusal on the part of the defendants, and asks for damages, and a specific execution of the contract.

To this petition Frederick Wirthweine has answered, and his wife, by her attorney, has filed a separate demurrer, on the ground, that the petition does not state facts sufficient to constitute a cause of action.

When this case was regularly heard on the demurrer, the only point pressed was, that the memorandum of the agreement did not sufficiently show what was the subject matter—and a writing being required by the statute of frauds, it was insisted, that it could not be shown by averment and proof, what house and lot was intended by the parties.

Admitting that this question may be raised on demurrer, and I think it may, the objection taken to the validity of the agreement cannot be sustained. The subject matter of an agreement has frequently to be ascertained by extrinsic evidence, and for that purpose, such evidence may be received. The case of Ogilvie v. Foljambie (3 Merivale 52) is precisely analogous to the present. There the agreement spoke of "Mr. Ogilvie's house," and the defendant was to give fourteen thousand pounds for the "premises," and it was said "parol evidence has always been admitted in such a case, to show to what house and to what premises the treaty related." The rule under which such evidence may be admitted, is stated and illustrated in the following among other authorities which might be cited,

8   *Ala.* 776.
21   *Wend.* 652.
13   *Peters* 89.
*Jacob's Rep.* 451.

Albert Graf *vs.* Frederick Wirthweine and Philipine Wirthweine.

Since the demurrer was first heard, another ground, peculiar to the defendant Philipine, has been suggested; and if the fact really be as would appear from the statements in the petition, that the only interest which that defendant has, is her contingent right of dower in the property, her joining in the contract was an entirely useless act, and constitutes no ground for uniting her in the action against her husband. The petition shows, that at the time of the contract she was a married woman, and there being no statement showing that it was a contract obligatory in any respect or on any account upon her, no cause of action is shown.

I am satisfied that when the petition simply alleges a contract in relation to real estate with a married woman, the objection may be made by demurrer. There might be some difficulty as to the appearance by attorneys, and separately from her husband, but for the 29th section of the Code, "If a husband and wife be sued together, the wife may defend for her own right; and if the husband neglect to defend, she may defend for his right also." Under this provision, I shall hold that a married woman, who is made a defendant in any action, is placed in an independent position in respect of the matter of defence, and may defend in the same form allowed other defendants.

The demurrer will be sustained, and the action as to Philipine Wirthweine dismissed.