DANIEL LARIMORE v. GEORGE D. WELLS, ADMINISTRATOR OF ANNA ESSEX, DECEASED.

1. Copies of written instruments attached to and filed with the petition as required by section 117 of the code, form no part of the pleading; and the sufficiency of the reason given for the omission to so attach and file them is to be decided by the court, and does not affect the merits of the action.

2. An answer in a suit on a promissory note, which merely states as a defense that the note was "not outstanding against the defendant," and that "there is nothing due" on the note, ought not to be allowed; and if not objected to by the plaintiff, the court might, of its own motion, order it stricken from the files.

3. Where the maker of a note, when sued upon it by the administrator of the payee, sets up as a defense that the note was surrendered to him by the payee as a gift, declarations of the payee, while in possession of the note, of an intention to make such gift, may be given in evidence by the defendant as tending to explain his possession of the note.

4. The presumption of satisfaction or discharge of a note or other evidence of debt, arising from the fact of its being found in the possession of the maker, is not rebutted by the mere fact of the death of the payee or former holder.

The force of the presumption varies with the circumstances of the case in which it is sought to be applied; and the amount of evidence required to overcome it is, in general, for the determination of the jury.

MOTION for leave to file a petition in error to reverse the judgment of the District Court of Licking county.

The original action was brought in the court of common pleas in Licking county. The petition consisted of three causes of action, each being founded on a promissory note executed by the defendant. Two of the notes were made directly by the defendant to Anna Essex, the intestate, in her lifetime, and the third she acquired by purchase.

Copies of the notes were not attached to and filed with the petition, for the reason, as was alleged, that they were in the wrongful possession of the defendant, Larimore, who, on demand, had refused to deliver them to the plaintiff, the administrator.

The defendant answered, denying that the notes were wrongfully in his possession, and averring that the notes "were not, nor was either of them, outstanding against him at the time of the death of said Anna Essex," and that there was "nothing due from him upon and by reason of said notes."

No objection was made to the answer. The case was treated as at issue, and submitted to the jury for trial.

A bill of exceptions was taken, from which it appears that on the trial the defendant offered in evidence certain declarations of the intestate, made while she had possession

of the notes, to the effect that she intended to give them to the defendant.

On objection by the plaintiff, this evidence was excluded by the court, and the defendant excepted to the exclusion.

Evidence having been given by the defendant tending to prove that the intestate had given said notes to the defendant, in her lifetime, and tending to prove that defendant was in possession of the notes immediately after the death of the intestate ; and the plaintiff having given evidence tending to prove the contrary, the court, in its charge, instructed the jury as follows :

" It is claimed by the defendant that possession of the notes in controversy in this case is *prima facie* evidence that he is lawfully so in possession, and the lawful owner thereof. It is for you to inquire when he came into possession of said notes. The possession of the notes after the death of Anna Essex, the plaintiff's intestate, is not *prima facie* evidence of right, unless there is some evidence given to show that defendant had possession of said notes in her lifetime.

" If you find that he had possession before the death of the intestate, that is *prima facie* evidence of rightful ownership ; but if there are any circumstances shown in the testimony to throw a suspicion upon his possession, that *prima facie* evidence might be rebutted. As if he had opportunity to get possession after the death of the intestate unlawfully, or before, without any intention of the intestate to part with the title or ownership, it would be for him to explain how he came into possession."

. This instruction was excepted to. The jury returned a verdict for the plaintiff, and judgment was rendered on the verdict.

On error, the district court affirmed the judgment. It is now sought to obtain the reversal of these judgments.

*H. D. Sprague,* for the motion.
*Charles H. Kibler,* contra.

WHITE, J. We have felt some embarrassment in this case on account of the indefinite and ambiguous character of the answer, and the uncertain nature of the issues sought to be raised.

The statement in the petition that the notes were in the wrongful possession of the defendant, seems to have been regarded as an averment material to the plaintiff's cause of action upon which issue might be taken.

That statement is inserted in the petition to show the reason why copies of the notes sued on are not attached to and filed with the petition as provided in section 117 of the code. Copies attached to and filed with the pleading, as required by that section of the code, form no part of the pleading. If the copies are not so attached and filed, the reason thereof must be shown in the pleading. The sufficiency of the reason given for the omission is to be decided by the court, and does not affect the merits of the action.

The fact that the notes were in the possession of the defendant, and that he refused to surrender them, was a sufficient excuse for the plaintiff not furnishing copies, without regard to whether the possession of the defendant was rightful or wrongful.

The answer, therefore, in denying that the possession of the notes by the defendant was wrongful, tendered an immaterial issue.

The remainder of the answer was clearly defective, and if objected to ought not to have been allowed as a pleading in the case. Indeed, without such objection, the court would have been well warranted in striking it from the files.

It merely alleged that at the date of the death of the intestate the notes were not, nor was either of them, outstanding against the defendant, and that there was nothing due the plaintiff upon the notes.

Upon what facts the defendant relied to show the extinguishment of the indebtedness evidenced by the notes is not stated. Whether he meant to rely on the fact of

payment, or that the indebtedness had been otherwise discharged, is left wholly to conjecture. To tolerate such pleading would defeat one of the beneficial objects of the code, which aims to narrow the issues to such matters of fact as the parties can verify on oath. *Knox County Bank* v. *Lloyd's Adm'r*, 18 Ohio St. 353, 365.

The making of the notes not being denied, the plaintiff, in the absence of special matter showing their discharge, would be entitled to judgment. The duty of pleading such matter rested on the defendant, as well as the burden of proving it.

In the present case, the defendant, on the trial, set up as a defense that the intestate while in life had discharged him from his indebtedness on the notes by surrendering them to him as a gift.

This defense he gave evidence tending to prove, and the plaintiff gave evidence tending to disprove.

No question was made either by the parties or by the court that the matter thus sought to be established was not properly in issue by the pleadings. As it might, under the circumstances, work injustice to treat the defendant as in default for answer, we have concluded, though not without hesitation, to regard the pleadings as putting in issue the defense sought to be established at the trial, and to proceed to consider the questions of error, so far as we deem it necessary to notice them.

And, first, as to the exclusion of the declarations of the intestate, that she intended to give the notes in controversy to the defendant.

In excluding this evidence, we think the court erred. It is true the intention to make a gift, of itself, availeth nothing. So long as the gift remains unexecuted, the intended donee takes nothing. But where the subject of the alleged gift has been delivered, the intention with which the delivery was made becomes material, and this intention may be proved by the declarations of the alleged donor, whether made at the time of the delivery or not. Nor does

it affect the competency of such evidence, whether the delivery is sought to be proved by direct evidence or by circumstances.

To constitute a complete gift, the concurrence of two things are necessary : first, the intention to make it ; and, secondly, the intention must be executed or carried into effect.

The remaining question of error we shall notice arises on the charge of the court to the jury.

In this also we think the court erred.

The charge assumes, as we understand it, that the presumption arising in favor of the maker of a note or other evidence of debt, from the fact of its being found in his possession, is destroyed or rebutted by the mere fact of the death of the payee or former holder. This is a mistake. The presumption as a general principle is not affected by the fact as to whether the parties who may have been concerned in the paper are living or dead. It would hardly be claimed as a general principle that persons in possession of the notes, bills, and other evidences of debt which they may have given, will be presumed to hold them discharged of liability while the former holders are living, but that on such holders dying the presumption will cease to operate.

In its practical application the presumption may be strong or very weak, according to the circumstances of the particular case. And the amount of evidence required to overcome the presumption in a given case will, in general, depend on the good sense of the jury, subject, of course, to such instruction from the court as the case may require.

On the death of a person his assets of necessity pass into possession or custody of others. If a controversy should arise, as in this case, whether certain notes belonged to the assets of the estate, or whether they had been released or discharged by the intestate, the burden of proving such discharge would rest on the defendant. And in so far as he relied on his possession of the notes as presumptive evidence of their surrender and discharge by the intestate, the force and effect of the presumption would depend on the

circumstances of the case. What the circumstances were in the present case the bill of exceptions does not disclose.

The relation in which the defendant stood to the intestate, and to the notes both before and after the death of the intestate, and the opportunities he may have had of obtaining them otherwise than as he claimed, were important subjects of inquiry. But we do not think the mere *opportunity* to obtain the notes unlawfully, as *matter of law*, destroys the presumption arising from their possession. The effect to be given to such opportunity, taken in connection with the other circumstances, is for the determination of the jury.

The presumption arising from possession has reference solely to the effect of the possession in the absence of all countervailing evidence. The force of the presumption, therefore, in a particular case, will depend on the circumstances of that case.

Leave granted; judgment of the district court, and that of the court of common pleas, reversed, and cause remanded for a new trial.