Day, J.
Two questions are raised by the record: 1. Does the petition contain facts sufficient to constitute a cause of action; and, if so, 2. Does the answer contain facs sufficient to constitute a defense.
1. Section 85 of the code declares that the petition must contain a statement of the facts constituting the cause of action. Tested by this section, or by the common-law rules of pleading, the petition is clearly defective, in not containing statements to show a title in the plaintiff to the note on which the suit was brought. It does not, therefore, expressly show a right of action in the plaintiff. But this delect, it is claimed, may be supplied, by implication, from the averments contained in the petition, under the provisions of section 122 of the code, which is as follows:
“ Sec. 122. In an action, counter claim, or set-off, founded upon an account, promissory note, bill of exchange, or ■other instrument for the unconditional payment of money only, it shall be sufficient for a party to give a copy of the *451 account or instrument, with all credits and the indorsements thereon, and to state that there is due to him, on •.such account or instrument, from the adverse party, a specified sum, which he claims with interest. When others than the makers of a promissory note, or the acceptor of a bill of exchange, are parties in the action, it shall be necessary to state also the kind of liability of the several parties, and the facts, as they may be, which fix their liability.”
The first part of this section is in the nature of a partial ■exception to the general provisions of section 85, and was manifestly intended, so far as relates to instruments for the unconditional payment of money only, to be a modification •of that section. It expressly provides what, in actions on such instruments, “ shall be sufficient” to constitute a cause ■of actiou. It must, therefore, have been contemplated that the required statement contained, expressly and by necessary implication therefrom, all the facts essential to a good cause of action. Though it be a brief mode of pleading, it will in all cases disclose the true ground of the action, and sufficiently inform the defendant of the nature of •the claim to enable him to interpose any defense he may have thereto, and thereby bring the case to trial upon its real merits.
That the construction we have given to this section corresponds to the legislative intent, is made more apparent by the last part of the section y for had it not been the intent that the prescribed statement should include, by implication, all tbe facts necessary to a right of action, there was no need of the last part of the section; but, as if this was intended by the first part of the section, the last part was added, requiring, in the specified cases, a further statement of the facts which fix the liability claimed. But this requirement, being confined to certain cases, carried •the clear implication that it was not intended to apply to those not specified. JExpressio unius est exclusio alternes.
This clause, however, refers only to those parties who are to be subjected to “ liability,” and therefore relates only to *452 parties adverse to the party setting up the claim. It can in no case include the plaintiff, except upon a counterclaim or set-off. The clause, then, can have no effect in the present case, other than to strengthen the position of the plaintiff, as being relieved from the necessity of stating his title to the note in suit, further than in accordance with the general provisions of the first part of the section. This he has done. Whether his title is legal, or merely equitable, under the provisions of the code, he may sue, as he has done in this case, in his own name, and, upon the proper issue, be required to establish his title by proof.
The construction we have given to the section accords with that given by the New York Court of Appeals to a similar provision in the code of that state. In Prindle v. Caruthers, 15 N. Y. 425, speaking of a like section in the code of New York, it is said :
“ The section is express and imperative ; it shall be sufficient to give a copy of the instrument, and to state that there is due thereon to the plaintiff from the adverse party a specified sum, which he claims.”
“ A complaint thus worded implies that the plaintiff owns the instrument in some legal mauner of deriving title ; that the event has happened on which the payment depends, and the amount is expressly stated.”
But this case is much shaken in that state by the later case of Conkling v. Gandall, I Keyes, 228. The principle settled by a majority of the court in this case, would require a party pleading under section 122 of our code, to show expressly his title to the instrument relied upon.
It is to be observed, however, that the analogous section of the New York code contains no clause like the last one in ours. This clause is in the nature of exceptions to the general provisions of the first part of the section ; and, as we have seen, impliedly excludes the idea of further exceptions than those enumerated. We are, then, forced to the construction, so far as relates to the present question, given to the section in the earlier case in that state, and are not left at liberty to accept that of the later case.
*453 The construction we have given the section, it is believed, is in accordance with that which it has received by the courts of the state generally. Ohio Life Ins. Co. v. Groodin, 1 Handy, 21; Myers v. Miller, 2 W. L. M. 420.
The subject is carefully considered and commented upon in Swan’s Pleadings and Precedents. Speaking of the section in question, the author says (p. 184) :
“ It will be observed, that this provision of the code requires the party to allege that there is a specified sum due ¿o him on the account or instrument, from the adverse party, which he claims. This allegation, by an assignee of an ae•count, note, bill, or other money instrument, can not be true, in fact, unless the party alleging it own the claim or instrument. It is, in eflect, as well as by force of the provisions of the code, an allegation of title in the party setting up the instrument or account, and is substituted for a ■direct allegation of the assignment; just as, under this same provision of the code, the copy of the note is substituted for an allegation of the making of the instrument, etc.”
And again, on page 186 :
“ Where, then, the party setting up an account or money instrument under this provision of the code, was or was not a party to the original account or instrument, the extrinsic facts showing right or title need not be expressly .averred. The allegation of title is implied in the statement that there is due to him a specific amount on the account ■or instrument, which he claims.”
We are, then, constrained to hold that, although the petition does not expressly show title to the note in suit, since the petition conforms to the statute, the implications are such, it must be regarded as good against an attack by general demurrer.
2. Concerning the sufficiency of the' answer, it is to bo observed that, unlike the petition, it can receive no aid from any exceptional provision of the code. It is controlled by the general provisions of section 92, which declares that the answer shall contain a general or specific denial of each material allegation in the petition controverted by the de *454 fendant, and a statement,of any new matter constituting a defense.
The answer is neither a general nor specific denial of the-allegations of the petition. It does not directly controvert any material fact either expressly or constructively contained in it. Nor is it clear that it was intended to do so-indirectly.
It does not set up any new matter constituting a defense-to the merits of the action. It neither denies the execution of the note by the defendant, nor does it assert that-the note never had an existence. It merely avers that when the suit was brought it was not in existence.
Without controverting the allegations of the petition, or setting up any matter of defense to the indebtedness evidenced by the note, the answer seems to be based on the-theory, that, admitting the validity of the note, no action can be maintained on it if the note had been destroyed before the action was brought; or that, if it could be maintained, it can not be done without an averment in the petition that the note had been lost or destroyed.
It was never supposed that the holder of a negotiable-note was remediless merely because of its loss or destruction. In England, and some of the states of this country, it has been held that he could not recover in an action at law, but must seek his remedy in a court of equity, whore he could be required to indemnify the party liable thereon from being again subjected to payment of the note.
But where the note was not negotiable this, rule seldom prevailed. When, however, the note, though negotiable,, had been destroyed, and therefore could “ never rise in judgment against the defendant,” the right of the party who was the holder of the note to maintain an action at law against the party liable thereon, is now generally conceded in both countries. 2 Daniel on Neg. Inst., § 1482; Chitty on Bills, 305 (*268).
In Thayer v. King, 15 Ohio, 242, it was settled in this state that an action at law, without indemnity, may be maintained on a destroyed note. The answer asserts the *455 non-existence of the note in the present case; that fact .alone, then, constitutes no defense to the action.
But the petition contains no averment that the note was lost or destroyed, and this, it is claimed, is a fatal defect.
The loss or destruction of the note on which the action is based constitutes no part of the cause of action. The only reason why the loss or destruction of the instrument which is the foundation of a suit need be averred in any case, is, to furnish an excuse for not making profert of the instrument, or for not attaching a copy to the pleading under the requirement of section 117 of the code.
In Thayer v. King, which was an action of assumpsit on lost notes, it does not appear that the declaration contained a count on lost notes.
In Viles v. Moulton, 11 Vt. 470, the same poiut was made, and the chief justice, in delivering the opinion of the court, said :
“ This was an action on a note. The note was not produced in evidence, but the plaintiff endeavored to prove its loss and contents. The first objection that was raised on the part of the defendant was that there wa's no count in the declaration upon a lost nóte. We think that there is no necessity for such a count in any case. . , . It is not usual, and not required in the courts of the United States, to declare specially on a lost note as lost.”
Where a count on a lost note has been deemed essential, it was required as a foundation for secondary evidence. But in Renner v. Bank of Columbia, 9 Wheat. 581, it was said that the English practice on this subject had not been adopted in this country; and it was held that, to admit secondary evidence of a lost note, it was not necessary that there should be a special count .in the declaration upon a lost note.
But the question now in hand is not one of evidence ; it relates solely to the sufficiency of the pleadings. Moreover, a copy of the note is given in the petition ; so there is no foundation for the objection to the petition as a pleading. The question made can properly arise only as *456 one of evidence on an issue requiring proof of tbe execution or contents of tbe note.
What is said by tbe judge delivering the opinion in Larimore v. Wells, 29 Ohio St. 13, well applies to this case, and is decisive of it against the sufficiency of tbe answer. It was held by the court, in that case, that “ an answer in a suit on a promissory note, which merely states as a defense that the note was ‘ not outstanding against the defendant,’ and that ‘there is nothing due’ on the note, •ought not to be allowed; and if not objected to by the plaintiff, the court might, of its own motion, order it stricken from the files.”
It follows that, in the chances of loose pleading taken on each side of the case, the plaintiff, aided by section 122 •of the code, must be declared to be the successful party.
Judgment of the district court reversed, and that of the ■common pleas affirmed.
Johnson, C. J., and Ashburn, J., did not sit in the case.