Longworth, J.
It might, perhaps, be enough to say of this case, that a recovery has been had for breach of a different contract from that sued upon. It is a well established principle, however, that where parties choose to try their case upon a supposed issue not in reality raised by the pleadings, and the case is fairly tried, submitted and decided upon such supposed issue, it is too late to urge in a court of error that the issue tried was not made by the pleadings. See Larimore v. Well’s Adm'r, 29 Ohio St. 13, 17.
If we treat the issue to have been as announced by the court below, we can see no valid reason for refusing to charge as requested by the defendant. The substituted contract was not one of that class which must by law be in writing, and the fact that the paper given to Hazen was signed by one party only, or not signed by all, would in no way affect the validity of the contract. That such an agreement was made is undisputed ; that Hazen was authorized -to contract for Braman, Horr and Warner does not appear from the evidence, but is alleged by plaintiff in his petition, which declares upon the contract to which Braman, Horr and Warner were parties. It cannot be presumed in his favor that his own allegations are untrue.
■ Like’ other contracts, the one in question requires a consideration to support its validity, but that consideration appears in the release of one party and the substitution of an *282 other. The existence of-the contract being established the consideration is self evident. As a statement of an abstract proposition the charge of the court was correct, but as applied to the case its effect was to instruct the jury that the substitution of the latter for the former contract was of no validity unless accompanied by a consideration outside of the release and substitution itself.
It is contended, that the exceptions to the refusal to give the charges asked, and to the charge as given, being general, this court cannot examine the errors complained of. We regard this proposition as untenable. The whole case is before us, and it is apparent that the jury were misled by erroneous instructions. See Baker v. Pendigrast, 32 Ohio St., 495.

Judgment reversed