Shauck, J.
This petition defies the familiar rules that the petition must contain “a statement of the facts constituting the cause of ac *302 tion, in ordinary and concise language,” and that evidence must not be pleaded. The will and deed might, in the progress of the case, become important as evidence, and the plats might become convenient for illustration; but that they ought not to encumber the record is too clear for controversy.
The real question is whether the petition should be reformed by motion, or held insufficient on demurrer. Section five thousand and eighty-five of the Revised Statutes provides that when the action is founded on a written instrument as evidence of indebtedness, a copy thereof must be attached to and filed with the pleading.” But these instruments are not of that character, nor does the section provide that the copy attached shall be a substitute for any of the allegations that are necessary to constitute a cause of action. The instrument attached forms no part of the pleading. Larimore v. Wells, 29 Ohio St. 13.
Section 5086 provides that “ in an action * * founded upon * * an instrument for the unconditional payment of money only, it shall be sufficient for the party to set forth a copy of the instrument,, and to state that there is due him thereon a specified sum which he claims, etc.” In the caseto which it applies, this section does excuse pleader from alleging all the facts that would otherwise be necessary to constitute his cause of action. It authorizes him to make and rely upon the averment of indebtedness, which, but for the section, would be but a legal conclusion from the facts necessary to be alleged. But none of these are instruments for the payment of money unconditionally or in any event. The section applies to no instruments except those described. Bently et al. v. Dorcas et al., 11 Ohio St. 408.
We are aware of no cases except those mentioned in the two sections cited which authorize the attaching of copies of instruments to pleadings in ordinary civil actions, and only the latter section makes the copy a substitute for any allegation of fact necessary to the complete statement of a cause of action. Certainly there is no warrant in the code for attaching *303 instruments of this character. It would not be profitable to cite the numerous- cases where it has been held that motions to strike out copies of such instruments should be sustained where the pleadings contained the averments of fact necessary to constitute a cause of action. In this petition there is no averment in any form that the deed to the Friend Street Railroad Company was in excess of the power vested in the trustees by the will of Dr. Jones. It is framed upon the theory that the court will look through the copy of that voluminous document, and itself supply such necessary averments as it thinks the evidence would support. In the absence of appropriate provisions, it ought not to be assumed that such an abuse was contemplated by, a reformed system of civil procedure. If we should strike these copies from the petition, as without doubt we ought to do upon motion, there would remain neither averment nor evidence that the trustees had exceeded their authority. A court ought not concern itself with the reformation of a pleading, which when reformed, would be held bad upon general demurrer. The demurrer admits the allegations of fact that are found in the petition, however vague, redundant or informal they may be. But it does not admit the truth of averments that are not made even though there be improperly attached copies of documents whose evidential effect would be to sustain such averments if they had been made. In Lynd & Morton v. Gaylor, 1 Handy, 576, a demurrer was sustained to a petition defective as is this, and Judge Gholson stated the rule thus tersely : “ Except in the cases specially authorized by the code, each petition should embody in itself, and without reference to any other paper or exhibit, the facts which constitute the cause of action.”
But counsel on both sides have argued the case upon the theory that, in effect, the petition contains all the averments which the exhibits would sustain; and we have considered the case as though such averments had been made.
The fifteenth item of the will authorizes the trustees, at their discretion, to sell and convey the real estate of the tes *304 "tator. We have" not found in the will any authority for the execution by them of deeds of gift. It is an inference of fact, rather than a presumption of law, that if the deed to the Friend Street Railroad Company was made without the payment of a money consideration, it was in pursuance of an agreement to contribute its value to the construction of the road to enhance the value of the other lots upon their plat. It cannot be regarded upon demurrer in view of the averment that the deed was wholly without consideration, although upon the expressed consideration of one dollar.
It is not averred that any of the defendants holding under the street ralroad company took title with knowledge that the deed of the trustees to it was a deed of gift. Certainly, they are affected with notice of all facts properly appearing upon the record. They acquired title under the will of Ur. Jones, and subjecs to all the restrictions which it placed upon the power of the trustees; and through the deed from them to the company, and subject to all defeccs in their execution of the power which that deed discloses.
But the record did not advise purchasers from the street railroad company that the deed from the trustees to it was a deed of. gift. The consideratian expressed in the deed is one dollar, which, being a pecuniary consideration, however small, denoted a sale. Devlin on Deeds, sec. 23; Jackson v. Alexander, 3 Johns. 484; Skerrett v. Presbyterian Society, 41 Ohio St. 606. It cannot, therefore, be said that the present holders of the property are chargeable with notice from the record of the fact, now alleged, that the original deed was in excess of the powers of the trustees.
But the recital of the deed as to the consideration may be contradicted by the beneficiaries, and the petition alleges that although a pecuniary consideration is recited in the deed, none-was in fact paid. If these allegations are true, the plaintiffs might have maintained their action against the grantee, in that deed. The petition does not show affirmatively that the defendants who hold under the Street Railroad Company are *305 purchasers for value without notice of the alleged fact that the trustees had attempted to execute a deed of gift; nor, as we have seen, does it show directly or inferentially that they did not purchase for value and without such notice. In this aspect of the case it is sufficient that the beneficiaries show that as between the parties to that deed it was invalid; for it would seem, upon principle, that one who stands upon the rights of an innocent purchaser for value, must himself allege and prove the facts out of which such rights arise. In the absence of such allegation and proof, his position must be taken to be that of the former grantee. Perry on Trusts, sec. 219; Weaver v. Barden, 49 N. Y. 286; Elstner v. Fife, 32 Ohio St. 258.
Watson & Burr, for plaintiffs.
J. T. Holmes and others, for defendants.
On the ground first considered the demurrer will be sustained.