Day, J.
These two cases are similar except as to one question, a misnomer in No. 288.
The plaintiff, the Village of Bowling Green, brought suit against the railroad company to recover amounts claimed by the village on account of lighting the track of the railroad company at the crossing of certain streets in the village. Allegations deemed sufficient to show liability against the railroads were made in the petition, and the ordinances providing for the lighting and the assessment of the expense against the company were copied bodily into the petition.
The defendant railroad company promptly attacked the pleading of the village by motion, to compel it to strike out of its petition the copy of the ordinances incorporated therein, and to make it definite and certain in other respects. This motion was sustained, and an amended petition was filed in which a copy of the ordinances, by order of the court in sustaining the motion, were left out; copies of the ordinances were however filed with the petition and referred to as exhibits, but not made part of the petition. A motion to strike out of the amended petition allegations deemed immaterial, was overruled by the court. This motion should have been sustained in part, at least, but the overruling of it was not prejudicial in any material sense, and therefore not a fatal error.
The next movement against the amended petition was by general demurrer, which, on consideration, was sustained. Plaintiff not desiring to further amend, there was judgment on the demurrer dismissing the plaintiff’s petition and render *65 ing judgment for costs against it. This action of the court dismissing the petition, and rendering judgment for costs, is assigned for error, and a petition in error is filed in this court to reverse that judgment.
The only question presented is as to the sufficiency of the petition. Does the amended petition state a cause of action against the defendant railroad company? There is no doubt but that the council of a municipal corporation has a legal right to require the lighting of a railroad track at a street crossed by a railroad company, and if the company neglects to perform the requirement, the village may erect the necessary lamps and fixtures and furnish the light at the expense of the railroad company, and collect it by suit, if necessary. This is to be done by pursuing the methods marked out in the statute.
The general assembly has enacted the necessary law, and the Supreme Court has, in the 32nd Ohio St. 152, held its provisions not in conflict with the constitution ; and by following the provisions of the law, municipal corporations can secure the lighting of railroad tracks at public crossings, at the expense of the company. Section 2494, Revised Statutes, authorizes city or village councils to pass ordinances, when deemed necessary, requiring persons or corporations owning or operating a railway in a municipal corporation, to light such railway within a specified time. Section 2495 provides, that the ordinance shall specify the manner of lighting, the number and style of lamp posts and lamps, and time to be kept lighted. Section 2496 requires notice of requirement to light twenty days before the company shall be considered in default, and this notice may be given by delivering to any person having possession or charge of the trach or railway to be lighted, a copy of the ordinance. Section 2497 provides, if the person or company operating such railway fail or neglect to light it for twenty days after notice, the council may at once cause the lighting to be done at the expense of the person or company operating the railroad ; and having had this done, section 2498 authorizes the council to direct the manner *66 in which the expense of lighting shall be assessed and collected, and providing that when assessed it shall be a debt due and payable against the operating company, and a lien to be enforced as other liens are.
The amended petition avers as fact, and the demurrer admits the truth of the averments, that the defendant company, the C., H. & D. Railroad Co., is a corporation operating a railroad within the corporate limits of Bowling Green ; that in December, 1891, the council duly passed an ordinance, (the title of which ordinance is copied into the petition, and a copy of the ordinance itself is attached and filed with the petition, and marked “Exhibit A”), requiring the defendant company to light portions of its tracks within the corporate limits with electric lights, placed at definite points named, the posts, lamps and attachments to be similar in all respects to lamps no'w used by the village in lighting; directing how many hours lights should burn, time when theTighting should commence, and that on January 9,1892, a copy of this ordinance was served on one C. Neilson, who had charge and management of the railroad to be lighted; that the defendant refused and neglected to comply with the requirements for more than twenty days after notice was served upon it, and on March 1, 1892, the village caused the lamp-posts and lamps to be erected and the track lighted at the points indicated, at an expense of $202.05 ; that on the 8th of August, 1892, a second ordinance was duly passed assessing the expense against the defendant railroad company, and directing the city solicitor to collect from the company.
There is an averment that there is due the plaintiff, the Village of Bowling Green, from the defendant railroad company, $202.05, with interest from the date mentioned, and a prayer for judgment.
The petition contains a statement of every fact required by the statute to create a legal liability against the defendant.
It is urged by the demurrant that the ordinances passed and attached to the petition as Exhibits “A” and “B,” are part *67 of the petition (and this, in the face of the fact that copies of the ordinances which were part of the original petition were stricken out on a motion of counsel for defendant); that the ordinances are so incoherent and vague that they are void and form no proper basis upon which liability of the defendant can be predicated ; and this criticism forms the main ground of the attack on the petition. It must be confessed that, in orderly arrangement, composition and syntax, the ordinances are not models of literary excellence, but we are of the opinion that, at this stage of the proceeding, they are not before the_ court, and their merits cannot be considered by the court. The Supreme Court of this state, in 29 Ohio St. 13, held that copies of written instruments attached to and filed with the petition, form no part of the pleading.
Another decision, 27 Ohio St. 421, is to the effect that it is not good pleading to copy the written instrument into the pleading, nor to attach a copy making it a part thereof, and in such case, upon motion, a reformation of the pleading will be ordered. Copies of certain instruments must be attached to and filed with the pleading, see sections 5085-6, Revised Statutes; but as to all other instruments not specified in these sections, the holding seems to be that attaching them to and filing them with the pleading is an improper method, and that even when they are attached, they form no part of the pleading, and are to be not regarded.
If this interpretation of the holding of the Supreme Court is correct, it practically disposes of the demurrer adversely to the claim of the defendant as to the alleged defects of these ordinances.
There were other propositions argued at the hearing which, perhaps, with one or two exceptions, could not well be raised by demurrer, but should be raised by motion to make more definite and certain.
It was gravely urged that electric lighting was undiscovered in 1869 when this law was first enacted, and, therefore, it could not have been the legislative intent to authorize coun *68 oils of villages to require lighting by electricity, but that it must be confined to methods and appliances for lighting then known and in use, and excluding the more recent discoveries along the line of making light. This argument is ingenious, but has a tendency to subtract from the recognized wisdom and prescience of our Solons, and is not permissible. The statesmen who assemble annually, or biennielly, at the capitol, always legislate for the present and the future. They always have in mind the probable developments, progress and successes, sure to be accomplished in the march of civilization, and make their laws pliable, so as to meet and fit the ever changing and better conditions of the race. This court takes judicial notice of the fact that the legislature that enacted the law now on the statute book, intended that the village council of Bowling Green might require electric lighting of railroad tracks at the public crossings in the village in the year of grace, A. D. 1892.
In the case first named, No. 288 (The Village of Bowling Green against the C., H. & D. R. R. Co.), there is an alleged fatal misnomer. In other words, that the notice of the ordinance requiring the lighting, which must, under the provisions of the statute, he served upon the company that is operating or controlling the track to be lighted, was not served on any official of the .C., H. & D. Railroad Co., but that it appears from the allegation in the petition that it was served on a party who was an officer of the C., H. & D. Railway Co., and that is true.
The averment in the petition is as follows :
“On or about the 9th of January, 1892, a duly certified copy of said ordinance was served upon C. Neilson, the general superintendent of the C., H. & D. Railway Co., being a person having charge and management of said track of railway required to be lighted, and it was served at Cincinnati, Ohio, by sending the same to him in a United States registered letter, which was placed in the post-office at Bowling Green, addressed to C. Neilson, General Superintendent C., H. & D. Railway Co., *69 Cincinnati, Ohio, and received by C. Neilson, and that a written receipt by the clerk of said Neilson, as is provided bylaw, was returned.” * * * When the motion was filed to strike out portions of this amended petition, an opportunity was afforded the court 'to perform its duty and strike out about three-fourths of the allegations in the petition; and in failing to do‘that, perhaps the court was in error; but, as said, it was not an error prejudicial to the defendant. But very much of this- allegation is surplusage, very much is descriptive of the person, the party upon whom the notice was served. *
Here is the substance of the averment which we have in the petition :
“On or about the 9th of January, 1892, a duly certified copy of said ordinance was served upon C. Neilson, a person having charge and management of said track of railroad required to be lighted.” That was a sufficient averment. The statute requires that a copy of the ordinance requiring lighting shall be served upon the person having charge or management of the track of railway to be lighted. The averment is made here directly. The rule obtaining in determining a demurrer is that no matter if there be surplusage, or awkwardness in the pleading, if there can be fished out from the mass of allegations the necessary fact constituting a cause of action, the demurrer is not to be maintained. We find in this case in that respect, that the misnomer complained of is simply in the description of the office of the person who, it is said, had charge of the management of the track, upon whom the notice was served. That makes the misnomer entirely immaterial. There are other criticisms that might be made of this pleading; but, as I have said, the questions could not well be raised except by a motion to make more definite and certain. The averment is made that the company was required to light and to erect certain electric lights by causing one electric light to be placed at each of certain crossings, similar in all respects to those used by said village in lighting its said streets. The averment *70 may be open to the criticism that it is not a certain averment of any particular style of lamp. There is no direct averment that there was a particular kind of lamp used in the village at the time the particular requirement was made. And although a motion to this probably ought to have been sustained, the fact is sufficiently implied as against a demurrer.
B. B. Moore, City Solicitor, and Jas. O. Troup, for plaintiff in error.
JR,. D. Marshall and F. A. Baldwin, for defendant in error.
Now, we think as against the general demurrer this petitition states a cause of action, and if that conclusion is correct, then the court of common pleas was in error in sustaining the demurrer and dismissing the petition. We find in this there was error, and we reverse the judgment on that account, and this court entering the judgment that the court of common pleas should have rendered, overrules the demurrer to the amended petition in both cases, and remands the cases to the court of common pleas for further proceedings.