King, J.
This is a motion to dismiss this proceeding in error, for the reason it was not commenced within six months from the date of the rendition of the judgment in the court of •common pleas sought to be reversed. The judgment was rendered May 6, 1897.
The petition in error was filed in this oourt October 28, 1897. Indorsed thereon was a waiver of the issuance and service of summons in error signed by the attorney for the defendant in error. With the petition in error, and at the same time, t.iere was filed the original papers, being the pleadings, the summons and return of subpoenas and the original drafts of the journal entries and a bill of exceptions. This it will be seen, was within six months. On November 9, 1895, thre3 days after the expiration of the period of six months, the plaintiff in error filed a transcript of the journal entries, and it is urged in support of the motion that all the papers required to be filed, must be filed within the period of six months, in order that the proceedings in error may be deemed to have been commenced. Our first impression was opposed to granting this motion. But we are cited by counsel to the case of Bartoon v. American National Bank, 14 C. C., 450, in which it is held that it is necessary to file with the petition in error, or within six months from the rendition of the judgment, the transcript of the docket and journal entries, together with the original papers where a final record has not been made, and that if either of these requisites be omitted until the six months period has elapsed, the proceeding in error is not commenced and must be dismissed on motion.
We have examined the question with some care, because ■of this decision. Section 6718, Rev. Sat., provides, in substance, that proceedings to reverse, vacare or modify a final order of any oourt, shall be by petition in error, filed in the oourt having power to make such reversal, vacation or modification, setting forth the errors complained of; that thereupon a summons shall issue and be served, as in the commencement of an action.
Section 6716, Rev. Stat., provides that the plaintiff in ■error shall file with his petition, either a transcript of the final record,or a transcript of the dooket or journal entries, with such original papers or transcripts thereof as are necessary to exhibit the error complained of.
Section 6723, Rev. Stat., provides that no proceedings to reverse, vacate or modify a judgment or final order shall be *559 commenced, unless within six months after the rendition of the judgment or the making of the final order complained of. And it is held in Ross v. Willet, 54 Ohio St., 150, that sec. 4987 and sec. 4988 of the code,are applicable by analogy to proceedings in error, to determine when or whether a proceeding in error has been commenced. This case refers to that of Robinson v. Orr, 16 Ohio St., 284, where it was held that that section which is now section 4987, was applicable, by analogy, to proceedings in error, and where no service of summons had been made upon a neoessary defendant in error, and no attempt to serve him had been made within the time limited, that the proceeding must be dismissed. In other words, it was not sufficient to file the petition in error in the reviewing court, but that following section 4987, the action or proceeding should be deemed commenced at the date of the summons served upen the defendant in error. But in Ross v. Willet, supra, it is held, that sec. 4988, Rev. Stat., is also applicable, and that an attempt to commence an action, shall be deemed equivalent to the commencement thereof, when the party diligently endeavors to procure a service, but such attempt must be followed by a service within sixty days, and deciding that if the petition in error is filed within six months followed immediately by a diligent effort to procure service, which is followed by actual service within sixty days, even after the expiration of the six months period of limitation that the action will be deemed commenced, so that the liberal provisions of the code are applicable to proceedings in error, notwithstanding the decision of the oourt in Burke v. Taylor, 45 Ohio St., 444, where it was held that the statutes authorizing proceedings in error should be strictly construed. We then find that an attempt to commence a proceeding in error is equivalent to the commencement of one, when it' is followed by an effort to procure service and an actual service of summons within sixty days, even after the expiration of the limitation fixed by the statute. So much is settled by the decision of the supreme court. Is it true, then, that when these are all accomplished within six months, that the proceeding is still not commenced unless each and every paper required to be filed in tho proceedings to advise the reviewing court of the nature of the error complained of, is also filed within six months? The learned judge delivering the opinion in Bartoon v. American National Bank, supra, holds that it is not neoessary that these papers be actually filed at the same time as the petition in error, evidently *560 oorreotly construing and holding that sec. 6716, Rev. Stat., did not make that requirement. The requirement is that-they shall be filed, and with the petition in error, yet not necessarily at the same time, and that only such papers-must be filed as are necessary bo exhibit the error complained of. Is it possible that if any of these be omitted, the proceeding is not commenced. We are unable to come-to such a conclusion. The filing of the petition in error, the service of the summons in error, or in its stead the-•waiver of a summons in error, and that within the period named in the statute or within sixty days in a case governed by the case in tine 54 Ohio St., commences the proceeding in error.
Now, then, if the record is not complete, it seems to us-evident that the party who has not filed the necesary papers-to exhibit the error complained of, has still aright to have the proceeding in error heard in the usual manner, and determined. He also has a right-, in our judgment, if the record is incomplete, to suggest a diminution of the record and the sending up of a more perfect record. The defendant in error may make the same suggestion cr motion.
Going back to the code of civil procedure again, we find in sec. 5085, that when an action is founded on a written instrument as evidence of indebtedness, a copy thereof must be attached and filed with the pleading. In the proceedings-in error it is not necessary to attach these various papers. Under that section it is held in Calvin v. State, 12 Ohio St., 60-66, that the omission to attach or file with the petition such written instrument is not a ground of demurrer and must be taken advantage of by a motion to make more definite. In Larimore v. Wells, Adm., 29 Ohio St., 13, it is held that such copies of written instruments attached tc and filed with the petition, form no part of the pleading, and if omitted the sufficiency ®f .reason given in the pleading fcr the omission to attach and file them is to be decided by the court, and does nob affect the merits of the action. We cite also the case of Stevenson v. Seymour, 3 Law Bull. 525, the decision by the district court of Ross county, in which it was held that a failure to file the original papers or transcript of the record with the petition in error is sufficient cause of dismissal, but is amendable. If it "be amendable then where it has been complied with and the papers are already filed with the petition in error, certainly a motion tc dismiss should be overruled. We conclude that the filing of these papers is but an incident to the com *561 mencement of the proceeding, and that the filing of them or the failure to file them will iu no wise determine whether the proceeding is commenced — that that must be determined alone from the petition in error and the summons, if one is issued. This motion will therefore be overruled.
Baldwin & Harrington, for motion.