## ACTION FOR RECOVERY OF MONEY ADVANCED TO A PARTNERSHIP.

MOORMAN V. SCHMIDT ET AL.

69 Ohio State—Decided, January 5, 1904.

*Action Against Partnership—Plaintiff Claims He Furnished Money to Partnership for Purchase of Lands—Plaintiff to Have an Equitable Lien on said Lands until Money Advanced is Refunded—Petition Contains no Allegation of Promise to Refund— Question of Proper Summons—Amendment to Petition—Pleadings—Judgment Against one of the Partners.*

S commenced an action in the court of common pleas against J R and E M as partners, doing business under the firm name of Moorman Brothers, alleging as his cause of action that said firm is the owner of certain lands in Wyandot county, Ohio, describing them, and that he furnished the money with which to purchase said lands, with an agreement and understanding with the firm that he should have an equitable lien on said lands until the money so furnished should be refunded and fully paid to him; but the petition contains no allegation of a promise by either partner to refund or pay the plaintiff any part of said money, nor does it pray for a personal judgment against the firm or either of its members. The prayer is for the marshaling of liens and an order of sale. A summons for J R was issued and served upon him, fixing the twentieth day of April, 1901, as answer day, but which was not indorsed with any amount claimed to be due. On the sixteenth day of April, 1901, without leave of court, and without notice to J R or his counsel, the plaintiff filed an amendment to his petition, stating the exact amount of money he furnished said firm for the purchase of the lands, and praying for a personal judgment against the partnership and each of its members. J R did not answer or demur, or in any manner enter his appearance in the action. On the third day of June, 1901, the court ordered a sale of the lands and also rendered a

personal judgment against J R for the amount set out in the amendment to the petition. *Held:* That the amendment was not legally before the court as a part of the plaintiff's petition, and that the personal judgment against J R is erroneous.

Error to the Circuit Court of Wyandot County.

On the second day of February, 1901, the defendant in error, George F. Schmidt, filed in the Court of Common Pleas of Wyandot County, his petition, naming therein as defendants, James R. Moorman, not plaintiff in error, and Eli Moorman, partners doing business under the firm name of Moorman Brothers, and Levi H. Troup and May Foster.

As the averments of the petition and an amendment filed thereto are important to the determination of the questions involved, a copy of the petition and amendment are made part of this statement as follows, omitting the description of the real estate:

"George Schmidt, *Plaintiff*, v. James R. Moorman and Eli Moorman, partners doing business under the firm name of Moorman Brothers, Levi H. Troup and May Foster, *Defendants*.

"PETITION.

"(Filed February 2, 1901).

"The plaintiff says that the defendants, James R. Moorman and Eli H. Moorman, are partners doing business under the firm name and style of Moorman Brothers, and that said partnership was organized under the laws of the state of Ohio.

"And that the said partnership firm of Moorman Brothers are the owners of the following described real estate situate in the county of Wyandot and state of Ohio, to-wit: (Here follows a description of the real estate).

"And the plaintiff says that the said real estate was bought with the said partnership's money and for its use, and that it always has been actually used in said partnership business, although the legal title thereto is in one of the partners' name, to-wit, the defendant, James R. Moorman, and he has always and still is holding the same as the trustee for said partnership firm.

"And the plaintiff further says that all of the money used by said firm in the purchase of said premises was furnished by the plaintiff, and that said premises was purchased with the plaintiff's money with the agreement and understanding with the plaintiff that he, the plaintiff, should have and hold an equitable lien upon such premises until the purchase money so furnished by him should be refunded and fully paid to him.

"The plaintiff says that said money was furnished by him to the said Moorman Brothers in different amounts and at different times, and that there is interest due and unpaid upon the amounts so furnished by him, so that the plaintiff is not in possession of sufficient facts to determine the exact amount due to him, but he says that said amount so furnished by him to said partnership firm is the sum of fourteen thousand dollars and more.

"And the plaintiff further says that said partnership firm of Moorman Brothers was formerly located in the village of Carey, in said county of Wyandot, and carried on the business of manufacturing boat oars, said manufactory being carried on upon the premises herein described. And that the said partnership firm for one year and more last past have ceased to do business or to manufacture any of the goods theretofore manufactured on said premises and have removed their business therefrom and out of the jurisdiction of this court and out of the state of Ohio, and have abandoned said premises for manufacturing purposes, and the said premises is now being used for no purpose whatever, so that the value of said premises is continually being lessened, and the claim of the plaintiff is being materially injured, and there is great danger that his said claim may be lost, there being no other property of said partnership firm known to this plaintiff within the jurisdiction of this court or in the state of Ohio. And said firm have allowed said property to be sold for the taxes due thereon. And that the defendant, Henry F. Graves, and May Foster and Levi H. Troup claim to have some lien or interest in said property adverse to that of the plaintiff. And he asks that said parties be required to set forth the nature of their said asserted liens and claims or be forever barred, and that the court will take into account the amount due from the said defendants, Moorman Brothers, to the plaintiff, that the said amount so found due will be declared to be a lien on said property, that the liens against the same to be marshaled and determined by the court, and that said property may be sold to satisfy the claim so found due to the plaintiff, and that in the meantime a receiver be appointed by the court to take charge of said property during the pendency of this cause, and for all further and proper relief in the premises."

On the nineteenth day of March, 1901, a summons for James R. Moorman, plaintiff in error, was issued to the sheriff of Lucas county, fixing the twentieth day of April, 1901, as answer day. This summons was served by leaving a certified copy thereof with the indorsements thereon at his usual place of residence. Neither the original summons nor the copy contained

any indorsement of the amount due, or that a personal judg-ment would be demanded.

On the sixteenth day of April, 1901, the plaintiff, without leave of court, and without notice to plaintiff in error, filed the following as an amendment to his petition:

"The plaintiff for his amendment to his petition herein says that the amount due to him from the said defendants, James R. Moorman and Eli Moorman, and the partnership firm of Moor-man Brothers is the sum of $13,906.60; that the same has been due to him from said defendants since the said first day of De-cember, A. D., 1899, and in addition to the prayer as set forth in his petition in this cause he prays that he may have judgment against said defendants for said sum of $13,906.60, with in-terest from the first day of December, A. D. 1899."

The plaintiff in error did not answer or otherwise appear in the case, either in person or by counsel.

The defendants, Henry F. Graves, May Foster and Levi H. Troup, were creditors of the firm of Moorman Brothers, and they answered and set up their claims and liens on the real estate. Alonzo Emerine was made a party as having an interest in said real estate. But these creditors and Emerine have no interest in the controversy in this court.

A receiver was appointed for the real estate, and it was sold by order of court and the proceeds distributed.

On the same day the order of sale was made, to-wit, on the third day of June, 1901, the record shows that the cause came on to be heard on the petition and the amendment thereto and the evidence; and the court found that all the defendants, except Moorman Brothers and Eli S. Moorman, had been duly served with summons, and that Moorman Brothers and Eli Moorman had waived the issuance and service of summons and entered their appearance; and the court further found that James R. Moorman, Eli S. Moorman and Moorman Brothers were in default for answer or demurrer; and further found that there was due to the plaintiff from James R. Moorman, Eli S. Moorman and Moorman Brothers, the sum of $15,158.20, and rendered judgment against them for said sum. Afterwards the plaintiff in error, James R. Moorman, prosecuted error in the circuit court to reverse the personal judgment so rendered against him, but that court affirmed the judgment, and he pros-

ecutes error in this court to obtain a reversal of the judgments of both courts.

*Seney & Johnson,* for plaintiff in error.

*M. B. Smith, Carey & Barker* and *Chittenden & Chittenden,* for defendants in error.

PRICE, J.; BURKET, C. J., SPEAR, DAVIS and CREW, JJ., concur; SHAUCK, J., concurs in the judgment.

It is our unanimous opinion that the circuit court erred in affirming the judgment of the court of common pleas, and for this opinion several reasons may be assigned.

1. The petition upon which summons was issued and served on the plaintiff in error does not state a case for personal judgment against him. While the names of James R. Moorman and Eli Moorman appear in the style of the case as partners doing business under the firm name of Moorman Brothers, the averments of the petition are directed specifically against the firm, and in none of them is there alleged any primary liability of the individuals composing the partnership.

The first allegation is that James R. and Eli H. Moorman are partners doing business under the firm name and style of Moorman Brothers, and that the partnership under that name is the owner of the real estate described in the petition.

The next allegation is that the real estate was purchased with partnership money and for its use, and that it had always been used in the partnership business, although the legal title thereto was in James R. Moorman, who held such title as trustee for the firm.

The plaintiff then says that *he* furnished all the money used in the purchase of the real estate, with the agreement and understanding that he should have an equitable lien on the premises until the purchase money so furnished should be refunded to him. He then avers that the money was furnished by him at different times, and in different amounts, on which interest is due, but that he is not in possession of sufficient facts to determine the exact amount due him, but that the amount so furnished is the sum of $14,000 or more.

It is further alleged that the firm business had been located and carried on at Carey, Wyandot county, which consisted in

the manufacturing of boat oars on the premises described, but that the partnership had ceased business for a year or more, and that the firm had removed its business out of the jurisdiction of the court, and has abandoned the premises for manufacturing purposes, which depreciated the same in value, and that the partnership has no other known property within the jurisdiction of the court. The appointment of a receiver is prayed for and a statement of the account taken with Moorman Brothers as to the money furnished by the plaintiff for the purchase of the real estate, and that the sum so ascertained be declared a lien thereon, the liens marshaled and order of sale issued.

There is no prayer for judgment against the firm or either of its members The foregoing is the character of the petition the plaintiff in error was summoned to answer. It is destitute of a promise even of the firm to pay the plaintiff any sum of money; and it is surely destitute of any promise of either partner to repay any part of the money furnished, unless such promise may be implied from the fact that plaintiff furnished the means to purchase the lands. But he says the means of purchase were furnished with an agreement and understanding that he should have a lien on the premises purchased therewith, and to perfect such lien is the gist of his petition.

It seems quite clear that while there may be an ultimate liability against the members of the firm as individuals, to be established in a proper proceeding after the real estate is exhausted, there is no case stated for a personal judgment, because the individual members are not charged with any contract or promise to pay, without which they can not be held as primarily liable.

It is not even alleged that the money was furnished by plaintiff at the instance and request of the firm or either of its members, and so construing his petition the plaintiff does not pray for personal judgment. He did not then know how much money he had furnished.

2. But the record reminds us that an amendment was filed to the petition. It is true an amendment was filed. What is it? The plaintiff, after filing his petition, ascertained in some way the amount he had furnished to buy the land, and by the amendment, he states the sum at $13,906.60, which he says is "*due* to him from the defendants, James R. Moorman and Eli

Moorman and the partnership firm of Moorman Brothers; that the same has been due him from said defendants since said first day of December, 1899, and in addition to the prayer as set forth in his petition in this cause, he prays that he may have judgment against said defendants for said sum of $13,906.60, with interest from the first day of December, 1899.''

There are no facts in this amendment to show how or why said amount is due from James R. and Eli Moorman. That there is such amount due from them to plaintiff is but the opinion of the plaintiff without any facts stated for its support. The code provision for simple pleadings in actions founded on book accounts and instruments for the unconditional payment of money only, does not apply to the plaintiff's cause of action, because it is not within that class. Hence, more must be pleaded than a mere conclusion that a certain sum is due from defendants to the plaintiff. He must set out sufficient facts to show that a liability exists which can be enforced by the court. The amendment contains no such facts, and is of no aid to the petition, except that a definite sum has been arrived at. *Knox County Bank* v. *Lloyd's Admrs.*, 18 Ohio St., 353; *Larimore* v. *Wells*, 29 Ohio St., 13; *Railroad* v. *Wilson*, 31 Ohio St., 555.

However, the above is not the full history of this amendment. It was filed without leave of court, and four days before James R. Moorman was required to answer.

Section 5111, Revised Statutes, provides:

''That plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceeding; but notice of such amendment shall be served upon the defendant, or his attorney; and the defendant shall have the same time to answer or demur thereto as to the original petition.''

No notice of the amendment was served upon the plaintiff in error, or his counsel, nor did he at any time answer or demur, or in any manner appear in the case. No summons issued on the amendment. It never was legally before the court, because it did not become a legitimate pleading. The plaintiff was not entitled to any relief upon it, and its prayer should have been disregarded. It should have been stricken from the files.

Counsel for defendant in error regard the claims of plaintiff in error as purely technical, and say the case was heard on the

evidence and the court found the amount due from a consideration of the evidence which would cure the defective petition.

We think the hearing the case on evidence would give no new authority to render a personal judgment. The summons served on plaintiff in error contained no indorsement of any amount claimed to be due. The petition does not contain facts which warrant a personal judgment against plaintiff in error, and none is prayed for. The so-called amendment was illegally on file and therefore constituted no part of the pleading.

It would seem therefore, that a personal judgment rendered on a petition which states no case for the same and which asks no personal judgment is certainly erroneous.

The judgments of the circuit court and of the court of common pleas are reversed and the cause is remanded to the court of common pleas for such proceedings as may be authorized by law.

*Judgment reversed.*