ORANGE,
July,
1839.

VILES & ATKINS *v.* JOHN MOULTON.

In an action on note, if the same is lost, it is not necessary to declare on the note as lost. If such note is lost after the suit is commenced, evidence may be given of its loss and contents.

Search should be made for the note in all the places where it would probably have been kept before evidence can be given of its contents.

When a second mortgagee, who has also purchased in the equity of redemption, has paid the notes in the first mortgage, no action, on the notes paid, can be maintained against the original debtor or his sureties.

ASSUMPSIT, in the common form, on a promissory note. Plea, general issue.

Upon the trial in the county court, the plaintiffs offered testimony tending to prove, that the note described in the declaration had been lost since the commencement of this suit, to which the defendant objected, upon the ground that there was no count upon a lost note. The court overruled the objection and admitted the evidence.

The plaintiffs then proved that on the 2d of January, 1832, the date of plaintiff's writ, the note in question was in the hands of their attorney, J. Collamer; that afterwards, and after a suit in chancery had been commenced, the said Collamer, as he supposed, handed over all the papers in his hands, relative to this and the chancery suit, to Denison Smith, but had no particular recollection of seeing the note at that time; that neither L. B. Peck, then a partner of said Smith, nor the administrator of the estate ef said Smith, nor Alvan Carter, one of the commissioners of claims against said Smith's estate, had ever seen the note while examining the said Smith's papers for the purpose of finding it. The plaintiffs then offered testimony to prove the execution and contents of the note, to which the defendant objected, for the cause that the plaintiffs had not introduced sufficient evidence as to the loss of the note, to authorize the introduction of secondary evidence of its contents, but the court overruled the objection and admitted the testimony.

Here the plaintiffs rested.

The defendant then offered testimony to prove that, if he ever signed the note, he signed it, with other notes, at the request of Joseph Edson, as co-surety with said Edson, Asa Story and Samuel Ford, for one William Ford; that said William, at the same time, executed to said Story & Edson

a mortgage of real estate worth $20,000 more than the amount of the notes so given to the plaintiffs, to indemnify the said Story and Edson for signing said notes to the plaintiffs ; that said William afterwards mortgaged the same land to Amplius Blake to secure $9,500, which said William owed to said Blake, and that said Blake was apprised of the prior mortgage of Story & Edson; that said William, at the request of said Blake, afterwards executed a mortgage to said Blake of other lands, viz, said Williams' home farm, to secure $3,000, part of said $9,500, the said Blake agreeing, at the time of receiving the last mortgage, to discharge the same whenever the said William should pay the said notes to the plaintiffs ; that soon afterwards the said William died insolvent ; that said Blake afterwards paid the note in suit to the plaintiffs, having previously purchased the equity of redemption in the premises mortgaged to Story & Edson, and having, also, received the whole sum for which the home farm of said William was mortgaged to said Blake, and the interest thereon.  To the admission of this testimony the plaintiffs objected, for the reason, among others, that the same matters had been adjudicated in a suit in chancery, in which Samuel Ford and John Moulton were orators, and the plaintiffs, Asa Story, the administrator of Joseph Edson, and Amplius Blake were defendants ; and the plaintiffs offered the records of said chancery suit and one of the solicitors for the defendants in that suit, to show what points were litigated and decided therein.  It appeared from said record that no decree was ever drawn up or signed by the chancellors.  To the admission of the last mentioned testimony the defendant objected, but the court overruled the objection and admitted the testimony, and rejected the testimony offered by the defendant.

The jury returned a verdict for the plaintiffs, and the defendant excepted.

*W. Nutting and W. Hebard*, for defendant.

1. The evidence to show the loss of the note was not the best evidence the nature of the case admitted.

The case is what the plaintiffs chose to make it.  They might have declared upon a *lost note*; the evidence offered might then have come within the rule that the evidence was the best which *that* case would admit of.  They have de-

ORANGE,
*July*
1839.

Viles & Atkins
*v.*
Moulton.

ORANGE,
July,
1839.

Viles & At-
kins
v.
Moulton.

clared upon a *note in possession*.   The defendant denies the execution of it and has a right to its production on trial.   1 Phil. Ev. 348,   4 East's R. 585.

No good  reason  can  be  assigned  why a contract under seal which has been lost, must be  declared on as lost, in order to let in parol  proof which does not equally apply to promissory notes.   The loss  being stated in the declaration, is said to be an excuse for a profert.

But the note is as really the foundation of  the suit as the bond is, and its production is equally necessary. *Hutchins & Pickett* v. *Olcott*, 4 Vt. R. 549.   *Edgell* v. *Stanford*, 6 Vt. R. 551.

The practice in  this state and in England, is, to declare on *lost notes* as lost.   See Forms and Precedents, and 2 Stark. Ev. 226, in notes.

In *Pierce* v. *Burrage*, decided in Orange county in 1835, Judge Prentiss ruled, that  parol evidence  could  not  be  admitted, in such case, but gave plaintiff leave to amend by ading a count for a lost note, and continued the case.

II.  The evidence, introduced to show the loss of  the note, was altogether too slight to justify the admission of parol proof of its contents.   2 Stark. Ev. 226.

III.  The court below erred in rejecting the testimony offered by the defendant.   This court has  once decided that the facts offered to be proved constituted a  good defence,  and because the  evidence was rejected, *reversed* a former judgment of the  county court.   As to the same question having been decided in a chancery  suit,  the same objection was urged on  a former trial in the county court, and yet this court decided  that the county  court erred in excluding the testimony.

*Upham & Peck*, for plaintiffs.

1.  The parol evidence offered in the court below, to show that the note declared upon had been lost since the commencement of the suit, was properly admitted. *Brown et al.* v. *Messiter*, 3 Maul. & Sel. R. 281.   *Chamberlin* v. *Gorham*, 20 Johns. R. 144.   *Kensington* v. *English*, 8 East's R. 273. *Jones* v. *Fales*, 5 Mass. R. 101.   *Jackson* v. *Frier*, 16 Johns. R. 193.   Peak's Ev. 40, 98, 154, n.   Phil. Ev. 356, n. b.   1 Swift's Dig. 758–9.   *Page* v. *Page*, 15 Pick. R. 368, 373–4.   10 Johns. R. 104.   3 Cowen's R. 303.

The declaration, it is true, contains no count on a lost note, and the reason is apparent. The note was in the hands of the attorney when he made the writ, and has since been lost.

II. The evidence offered by the defendant in the court below was properly excluded.

1. Because it constituted no legal defence to the action, and

2. Because the same matter had been set up in a bill in chancery by the defendant, praying for an injunction against the further prosecution of this suit, and adjudged against the defendant at the March term of this court in 1837.

We insist, in the first place, that the evidence offered constituted no defence to the action, and for that reason it was properly excluded. The principle, that payment by one of two joint debtors discharges both, is undoubtedly correct, but it has no application to this case. Blake was never a joint debtor with this defendant on the note in suit, and, for that reason, his payment of it to the plaintiffs cannot be treated as a payment by the defendant. This case does not come within the rule laid down in the case of *Hammatt* v. *Wyman et al.* 9 Mass. R. 138. *Brackett* v. *Winslow et al.* 17 Mass. R. 153. *Peabody* v. *Peters*, 3 Pick. R. 1. *Stearns* v. *Moore*, 7 Green. R. 36, in relation to payments made by one of two joint debtors.

Blake, then, having paid the note and taken it into his own possession to protect his own interests, can prosecute the suit upon it in the name of the payees for his own benefit. The defendant has paid nothing upon the note, and upon no principle can he avail himself of Blake's right as a defence to this suit. *Norton* v, *Soule*, 2 Green. R. 341. *Allen* v. *Holden*, 9 Mass. R. 133. *Silver Lake Bank* v. *North*, 4 Johns. Ch. R. 370.

In the second place, we maintain that the parol evidence introduced in the county court to show what was adjudicated in the chancery suit was properly admitted. 6 Term R. 607. *Hutchin* v. *Campbell*, 2 Black. R. 827. 3 Wils. R. 304.

In the third place, we insist that the adjudication in chancery, in 1837, of the same matters offered in defence of this

ORANGE,
July,
1839

Viles & Atkins
v.
Moulton.

ORANGE,
July,
1839

Viles & At-
kins
v.
Moulton.

action, is conclusive upon the defendant, and he cannot set it up as a defence here. *Gelston et al.* v. *Hoyt,* 3 Wheat. R. 246, 315. *Hopkins* v. *Lee,* 6 Wheat. R. 109. *Harvey* v. *Richards,* 2 Gallis' R. 216. *Hughes* v. *Blake,* 1 Mason's R, 515. *Jackson* v. *Hoffman,* 9 Cowen's R. 271. *Etheridge* v. *Osborn,* 12 Wend. R. 399. *Wright* v. *Butler,* 6 Wend. R. 284. *Gardner* v. *Buckle,* 3 Cowen's R. 120.— *Jackson* v. *Wood,* 3 Wend. R. 27. *Wood* v. *Jackson,* 8 Wend. R. 9. *Bradshaw* v. *Heath,* 13 Wend. R. 419. *Adams* v. *Barnes,* 17 Mass. R. 375. *Betts* v. *Starr,* 5 Conn. R. 550. *Dennison* v. *Hyde,* 6 Conn. R. 508. *Hoyt* v. *Gelston et al.* 13 Johns. Rep. 141: *Burt* v. *Sternberg,* 4 Cowen's R. 559. *Emery* v. *Goodwin,* 13 Maine Reports 14. 1 Stark. Ev. 191 to 205.

It is not essential that either the parties, or the form of action, should be precisely the same. If they are substantially the same the adjudication will be conclusive upon the parties. 1 Stark. Ev. 194. Buller's N. P. 245. Swift's Ev. 10 to 13. *Case* v. *Reeve,* 14 Johns. R. 82. *Whately* v. *Menheim et al.* 2 Esp. R. 608. *Thatcher* v. *Young et al.* 3 Green. R. 67.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This was an action on note. The note was not produced in evidence, but the plaintiff endeavored to prove its loss and contents. The first objection which was raised on the part of the defendant was, that there was no count in the declaration upon a lost note. We think that there is no necessity for such a count in any case. Whenever it becomes necessary to make a profert of an instrument, if it is lost, there must be an averment of the loss. But, in a declaration on a note, no profert is made.— It is not usual, and not required in the courts of the United States, to declare specially on a lost note as lost. 9 Wheat. R. 581.

Further, in this case, it appears the note was lost after the issuing of the writ and declaration. We believe, however, that there was no sufficient evidence of the loss. There was no examination of the papers of Judge Collamer, who had been counsel in the case, or of Blake, among

whose papers we should expect the note would have been kept.

But if the proof, on the part of the plaintiffs, was sufficient to show the existence, loss and contents of the note, the testimony offered on the part of the defendant should have been admitted. The evidence offered was to prove that the defendant was co-surety with Edson & Story for William Ford, that Ford executed a mortgage of property to indemnify Edson & Story, of the value of $20,000, amply sufficient for that purpose, and this must, of course, have inured to the benefit of the defendant; that Ford subsequently mortgaged the same property to Blake to secure the sum of $9,500, and also mortgaged other property to Blake, to be discharged on Ford's paying this debt to Viles & Atkins, and that Blake purchased in the equity of redemption to the mortgaged premises, and then paid the notes, now in suit, to Viles & Atkins. If such facts had been proved, no recovery could be had on the notes by Viles & Atkins or in their names, inasmuch as the demand was paid by the person who had the equity of redemption in the mortgaged premises, and who was also a second mortgagee. Blake could not, after this, retain these notes against the mortgagor and be considered as a purchaser, but they must be taken as paid and satisfied. This principle was recognised in the case of *Converse* v. *Cook*, 8 Vt. R. 166.

This evidence, it appears, was excluded on the ground of its not being a defence. This has already been considered. It was also excluded on the ground that the same question had been adjudicated in a suit in chancery. But, inasmuch as the plaintiffs resorted to parol testimony to show what had been considered and adjudicated in that court, it was improper for the court to assume that this fact was proved, and on that ground exclude the evidence of the defendant, as the testimony on the part of the plaintiffs might have been discredited. There is also a further objection to this course. There was no decree drawn up in the suit in chancery, and we cannot perceive that the court ever passed upon the defence here set up, or found any facts inconsistent with those offered to be proved, or that the subject matter of this defence was ever adjudicated upon. The evidence offered should have

been admitted and gone to the jury, under proper instructions, and if the defendants were estopped from setting up this defence by any previous adjudications on the same subject, or if they failed to make their proof, as offered, the jury would have found accordingly. The judgment of the county court must be reversed, and the case remanded for trial.