CHAUNCEY T. THRALL v. ORIN TODD, AND THACHER AND HENSHAW, *Trustees.*

*Evidence. Lost Instruments.*

To entitle a party to give secondary evidence of the contents of a written instrument, on the ground that the instrument itself is lost, it must be shown that all the sources of information and means of discovery in the search for it, which the nature of the case would naturally suggest, and which were accessible to the party, had been in good faith reasonably exhausted.

Therefore, where the trustees of the defendant sought to be discharged from liability to the plaintiff, on the ground that the debt due from them to the defendant had been by the latter, before the service of the trustee process, assigned to a third party, who had notified them of such assignment by delivering to their agent and treasurer the written order or assignment directing payment to such third party; and the agent and treasurer in his disclosure testified that he had not the written order with him and did not know where it was; that he might have it among his papers and might have given it to the attorneys of the trustees; which was all the evidence presented as to its loss; *Held,* that this was not sufficient to let in secondary evidence of its contents, as it did not indicate any search for the order among the papers of the treasurer, or inquiry for it of the attorneys of the trustees.

TRUSTEE PROCESS. The case was referred to a commissioner who reported as follows ; that the defendant, Todd, was a laborer in the employment of the trustees, Thacher and Henshaw ; and at the time of service of the process in this cause, (11th of August, 1857,) the trustees were indebted, on account of the services of the defendant, in the sum of forty-one dollars and eighteen cents ; that previous to the service of the process the defendant gave to Melzer Edson an assignment or order to receive the monthly pay from Thacher and Henshaw, and that by virtue of such order or assignment, the trustees had paid to Edson the amounts earned by the defendant, for the months of April, May and June. The order or assignment was not produced before the commissioner, and it was shown that the same had been mislaid or lost. The plaintiff called for the production of the assignment or order, and objected to the introduction of parol proof of its contents, but, upon the testimony of Edson and Gibbons, that the same was mislaid or lost, the commissioner admitted parol evidence of its contents. The order or assignment was never presented to the trustees, nor to either of them, but was presented to

Mr. Gibbons, the treasurer of the trustees. The money paid Edson was paid by the treasurer, Gibbons; and was applied towards house rent of the defendant and for articles of necessaries in the defendant's family, and by endorsement upon a note of the defendant to Edson. The assignment was made to secure Edson's claim against the defendant 'of something over twenty dollars, and it was also agreed that the money was to be applied in part to pay a claim of about thirty dollars in favor of Pierce & Stearns against the defendant.

Of the testimony returned by the commissioner with his report to the court, that portion which relates to the loss of the order or assignment in question was as follows:

George B. Gibbons, the treasurer of the trustees, testified in his disclosure, that the balance due the defendant was assigned to Edson previous to the service of the writ upon the trustees; that he thought Edson gave him the notice of the assignment, as that was the usual course; that he had a written notice of the assignment; that he had not the written notice with him, and did not know where it was; he might have it among his papers, and might have given it to the attorneys of the trustees; his impression was that Edson left the notice with him, and his reason for thinking so, was that such was the usual course; that Thacher and Henshaw had no personal notice of the assignment.

Melzer Edson testified that the assignment from the defendant to him was in writing, and that he left it with Mr. Gibbons, treasurer of the trustees; that it was drawn by the defendant and presented to Gibbons before the service of the process in this case, and was an order to receive the pay from month to month.

The county court at the September Term, 1860,—PIERPOINT, J., presiding,—decided that the trustees were not liable upon the facts and evidence reported by the commissioner, and rendered judgment for the trustees to recover their costs, to which the plaintiff excepted.

It was admitted upon the argument in the supreme court, that the plaintiff excepted in the county court to the finding of the commissioner, on the testimony, that the assignment or order was lost or mislaid, and that the exception was overruled; and it was agreed that the case should be heard as if the plaintiff's excep-

tions stated that fact, and his exceptions to the county court referred to and embraced that decision.

*R. R. Thrall,* for the plaintiff.

*Linsley & Prout,* for the trustees.

KELLOGG, J.   The disclosure of the trustees in this case states that they were indebted on account of the labor of the principal defendant, while in their employment, but they claimed that they were not chargeable, as his trustees, because he had assigned to Melzer Edson the amount due from them for his labor, and that Edson had given them notice 'of the assignment; and the testimony on their part showed, that the assignment was in writing, and had, previous to the service of the trustee process, been left with their treasurer, Mr. Gibbons, who testified that he did not know where it was; that he might have it among his papers, and might have given it to the attorneys of the trustees.   The report of the commissioner states that this order or assignment, executed by the principal defendant in favor of Edson, was not produced before him, and that the plaintiff called for its production, and objected to the introduction of parol proof of its contents; but that the commissioner decided, on the testimony of Mr. Gibbons, that it was shown that the paper had been mislaid or lost, and admitted parol proof of its contents.   On the argument of the case in this court, it was admitted that, on the hearing in the county court on the commissioner's report, the plaintiff excepted to this decision of the commissioner, and that the exception was overruled, and that the case should now be considered as if the plaintiff's exceptions stated that fact, and referred and were applicable to that decision.   This presents the question whether there was sufficient proof of the loss of the order or assignment to justify the decision of the commissioner allowing its contents to be proved by parol.   From the commissioner's report and the testimony annexed to the same, to which reference is made by him, it appears that no proof was offered to show that a search had been made for this order or assignment either among the papers of the treasurer or of the attorneys.   From the character of the

disclosure made on the part of the trustees, its contents became material, and it is referred to in the testimony of Edson, who was a witness for the trustees, as the evidence of the assignment from the principal defendant to him of the debt due from the trustees. In respect to the degree of diligence necessary in a search for a lost instrument as preliminary to the admission of secondary evidence of its contents, a party is expected to show that he has in good faith reasonably exhausted all the sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him. We do not think that there was any satisfactory proof of the loss of this paper. For aught that appears, it might have been readily found on a search or inquiry for it in the direction indicated by the testimony of the treasurer. Before parol evidence of its contents was admitted, it should have been shown that a search for it had been made, in good faith and with proper diligence, in the place where it was likely to be found, and that such search proved ineffectual. 1 Greenl. Ev., sec. 558 ; *Niles & Atkins* v. *Moulton*, 11 Vt. 470 *;* S. C., 13 Vt. 515 ; *Town of Royalton* v. *Royalton and Woodstock Turnpike Co.*, 14 Vt. 311 ; *Fletcher et al.* v. *Jackson et al.*, 23 Vt. 581. We think, therefore, that the plaintiff's exceptions to the sufficiency of the proof of the loss of the paper in question, and to the admission of secondary evidence of its contents before a reasonable presumption of its loss was established, were well taken, and that the plaintiff is entitled to have the case re-committed to the commissioner for a new hearing. This conclusion renders it unnecessary to consider the other points made on the argument.

The judgment of the county court in favor of the trustees is reversed,—the report of the commissioner is set aside,—and the cause is remanded to the county court for further proceedings.