THE NATIONAL UNION BANK OF SWANTON v. S. S. MARSH.

*Pleading. Practice. Proof of Handwriting. Evidence.*

A notice that the defendant will on trial prove the note in suit a forgery, is sufficient, and puts the plaintiff upon proof of the execution of the note.

Such notice filed by special leave of court after the time prescribed by the rules of court for filing the same, has the same effect as though filed within the rule.

The testimony of a witness who had never seen the defendant write his name, and had no knowledge of his handwriting, only what he derived from seeing what purported to be his signature, was held inadmissible, to prove the defendant's signature.

The only evidence in the case, to show that the defendant signed the note in suit, was the testimony of the defendant himself, who, being called by the plaintiff, and shown only the signature to the note, and asked if it was his writing, said, "It might be and might not be. It looks some like my handwriting; it might be my writing, and it might be some imitation. It looks like my writing; I should think it was." On cross-examination, on being shown the whole note, he said, "I never signed any such paper." *Held*, a question for the jury to determine, whether the plaintiff had proved the execution of the note.

ASSUMPSIT on a promissory note payable to the order of J. S. Newcomb, and indorsed in blank by him, and also by Hiram Bellows and C. S. Hogle, and purporting to be signed by the defendant. Plea, the general issue, with notice that the defendant would

deny that said Newcomb indorsed said note, and would prove that said note was a forgery. Trial by jury, April term, 1873, ROYCE, J., presiding.

The plaintiff offered said note in evidence, except the indorsements, which he offered to prove. The defendant objected to its admission, upon the ground that, under the pleadings, the plaintiff was bound to prove the execution thereof by the defendant. The plaintiff claimed that, under the rules of court, he was not bound to prove its execution, because the defendant had not, within the time required for filing special pleas, nor at a former trial by jury, nor at any time thereafter, appended to any special plea, a notice, or any sufficient notice, that he should on trial deny the execution of said note, as required by said rules; and because, having tried the cause at a former term, upon the general issue alone, said notice was filed out of time, and was in itself insufficient to require the plaintiff to prove the execution of the note, and especially the signature of the defendant thereto, in order to establish a *prima facie* case for the plaintiff; and because the defendant, by his pleadings at a former trial having admitted the execution of said note, was precluded under the pleadings from denying the execution thereof. The court sustained the defendant's objection; to which the plaintiff excepted.

The plaintiff then offered G. A. Hubbell as a witness, to prove the execution of the note by the defendant, who testified in chief, in answer to the question whether he was acquainted with the defendant's signature, that he had seen it; and, on being shown the note in question, testified that, in his opinion, the signature thereto was the defendant's. On cross-examination he testified that he had not seen the defendant's signature very often, and never saw him write his name, but that it seemed as though he had seen him writing in regard to school district matters; that he did not know as he ever saw him write his name, to know it was in his handwriting; that he had seen his name among the school matters, but could not say it was written by him; and that all he knew about the genuineness of the signature to the note was, judging from what he saw among those matters. The witness further testified, that he formerly resided in the same school dis-

trict with the defendant, and thought the defendant was pruden-
tial committee or clerk of the district, and that the paper where
he supposed he had seen the defendant's signature, was either a
warning, or tax-bill, or warrant, to which his name was appended
in his official capacity. The plaintiff called the defendant as a
witness, to prove the execution of said note, who, on being shown
only the signature to the note, and asked whether it was his writ-
ing, testified that " it might be, and might not be. It looks some
like my handwriting ; it might be my writing, and it might be some
imitation." And on being inquired of by the court, testified, " It
looks like my writing ; I should think it was." On cross-examin-
ation, on being shown the whole note, he testified, " I never signed
any such paper." The note was thereupon admitted in evidence,
and both parties rested. The plaintiff claimed as matter of
law, that the court should direct a verdict for the plaintiff ; but
the court refused so to do, and allowed the case to go to the jury ;
to which the plaintiff excepted. The plaintiff requested the court
to charge the jury, that the testimony of Hubbell might be con-
sidered as evidence tending to prove the signature to the note to
be the defendant's ; but the court refused so to charge, and charged
that his testimony had no tendency to prove such fact, and directed
the jury to disregard it, and lay it out of the case ; to which the
plaintiff excepted. Verdict for the defendant.

*E. A. Sowles*, for the plaintiff.

The court erred in requiring the plaintiff, under the pleadings
in the case, to prove the defendant's signature. Non assumpsit is
inadmissible, when the execution of the note is put in issue. The
plea should specifically deny such parts of the declaration as the
defendant means to traverse. 1 Chit. Pl. 514 ; Steph. Pl. 160.

The notice was filed too late. The rule required it to be filed
within the time for filing special pleas, which was not done. It
was filed after the case had been in court two terms, and after a
trial by jury. This operated as an admission of the genuineness
of the signature. *Bigelow & Hoagland* v. *Stilphens*, 35 Vt. 521.

The court also erred in submitting the case to the jury, when
the defendant admitted his signature by his testimony, as well as

by his pleadings. *Bigelow & Hoagland* v. *Stilphens*, *supra;* *Brown* v. *Bebee*, 1 D. Chip. 227 ; *Bradley* v. *Anderson*, 5 Vt. 152. The court also erred in excluding the testimony of Hubbell from the consideration of the jury. *Bowman* v. *Sanborn*, 5 Foster, 87 ; *Furber* v. *Hibbard*, 2 N. H. 480 ; 1 Greenl. Ev. § 577.

*George A. Ballard*, *Park Davis*, and *Guy C. Noble*, for the defendant.

The pleadings were filed by leave of court, and within the time limited by the rule granting such leave. The court held that the defendant's notice that he would prove the note to be a forgery, was in effect a denial of the execution of the note, and that, under the rules of court, the plaintiff was thereby put to the proof of the due execution of the note. This construction of the rule was sound. The ruling of the court as to the effect to be given to Hubbell's testimony, was correct. It came within none of the recognized rules for the proof of handwriting. He had never seen the defendant write ; had never had correspondence with the defendant ; nor does it appear he ever had transactions in business with him, wherein he had occasion to note his handwriting. In substance, the witness had seen what purported to be the handwriting of the defendant, and the witness's opinion was formed from that knowledge alone. *Mudd* v. *Suckermore*, 5 A. & E. 703 ; 2 Phil Ev. 596-615 ; *Brigham et al.* v. *Peters et al.* 1 Gray, 141. Where a witness has no other knowledge of a party's handwriting than having seen writings that were said by other persons to be his, he cannot be allowed to testify. 2 Phil. Ev. 600, note ; *Goldsmith* v. *Bane*, 3 Halst. (N. J.) 87. The refusal of the court to order a verdict for the plaintiff was correct. There was, undeniably, a question for the jury.

The opinion of the court was delivered by

REDFIELD, J. This was assumpsit upon a promissory note. The defendant pleaded the general issue, with notice that he would prove, on trial, that the note declared on was a forgery. The pleas were not filed in time, by the rules of court, but by special leave of court, and within the time limited by the order

of court. The plaintiff claims that the notice that the defendant would deny the execution of the note, not having been filed according to the " rules of court," the execution must be conceded by the defendant, as required by the rule. It is a necessary incident to the trial of causes, that the court should have power to allow pleadings to be made or modified, as shall best subserve justice. And when the *discretion* of the court has been exercised, it is not a ground of exception. The notice that the defendant, on trial, would prove the note a forgery, would seem a pretty distinct affirmation that the defendant disputed the genuineness of the signature, and the execution of the note.

II. We perceive no error in the ruling of the court as to Hubbell's testimony. He had never seen the defendant write ; nor had he corresponded with him, nor been in such business relation with him that he had knowledge of his signature. He had seen what purported to be the defendant's signature, but he had no *knowledge* by which he could test its genuineness. 2 Phil. Ev. 596, 600, 615 ; *Brigham et al.* v. *Peters et al.* 1 Gray, 141.

III. There was no error in refusing to direct a verdict for the plaintiff. The defendant was called by the plaintiff as a witness, and to prove an issue of which the plaintiff had the affirmative. When shown the signature, he testified, " It looks like my handwriting ; it might be my handwriting, and it might be some imitation " Again, being inquired of by the court, he said, " It looks like my handwriting ; I should think it was." And on cross-examination he said, in looking at the whole paper, " I never signed any such paper." It was clearly a question for the jury to determine whether the plaintiff had proved the due execution of the note. We find no error stated on the record, and the judgment of the county court is affirmed.