## IN RE MARTIN DIGGINS' ESTATE.

## HENRY S. BOWEN, CLAIMANT, APT.

*Account book.   Qualification of witness to handwriting.*

1.   A book containing entries of cash received and paid in refer-
ence to a stock of goods in which the claimant and intes-
tate were jointly interested was held admissible as an ac-
count book.

2.   One who has seen a person write but a single time is a com-
petent witness to the genuineness of his signature.

Appeal from an order of the probate court accepting the
report of commissioners for the allowance of claims.
Heard at the May term, 1895, Windsor county, upon the
report of a referee and exceptions by the administrator
thereto, TAFT, J., presiding.   Exceptions overruled and
judgment for the claimant.   The administrator excepts.

*Gilbert A. Davis* and *Allbee & Flinn* for the administra-
tor.

The book was improperly admitted.   *Bates* v. *Sabin*, 64
Vt. 511; *Barnes* v. *Dow*, 59 Vt. 530, 537; *Godding* v.
*Orcutt*, 44 Vt. 54; *Lapham* v. *Kelly*, 35 Vt. 195; *Wil-
liams* v. *Wager*, 64 Vt. 336; *Davis & Whittaker* v. *Field*,
56 Vt. 426; *Barber* v. *Bennett*, 62 Vt. 58.

The testimony of Wright was incompetent and inadmis-
sible.   *Fire Asso.* v. *Bank*, 52 Vt. 83; *Wright* v. *Wil-
liams*, 47 Vt. 222; *Natl. Union Bank* v. *Marsh*, 46 Vt.
437; *Guyette* v. *Bolton*, 46 Vt. 228.

*J. H. Enright* and *W. W. Stickney* for the claimant.

The book was admissible. *Cross* v. *Bartholemèw*, 42 Vt. 206; *Bates* v. *Sabin*, 64 Vt. 511.

Persons who have seen a party write are competent witnessses to the genuineness of his signature. 1 Greenl. Ev., s. 577; *Wilson* v. *Van Leer*, 127 Pa. St. 371; *Foye* v. *Patch*, 132 Mass. 105.

ROSS, C. J. The appellee contends that the county court erred in overruling two of his exceptions to the report of the referee.

I. He contends that the referee erroneously received in evidence exhibit 13, and from it was enabled to find that items 4, 5 and 6 of the claimant's specifications, and item 3 of the estate's specifications had been settled in the settlement made of the cash items of exhibit 13. The referee has found that exhibit 13 is an account book in which are set down, in the handwriting of the claimant, and another, entries of cash received by the intestate growing out of the sale of a stock of goods in which they were interested. There was no testimony before the referee in regard to this exhibit, except in whose handwriting it is. If it is an account book, as the referee found, he properly received it in evidence. It would be evidence of itself. But if it was a memorandum book only, it would not be independent evidence, and could only be used to refresh the recollection of the witness who made it or caused it to be made. It is a small book, four different pages of which are covered with entries of cash. At the commencement there is the entry, "Cash received for goods paid to M. Diggins." Then follow entries, against proper dates, of "To cash" and "To sundries," against which the amounts are set. The several sums on each page are added and the amounts carried forward. This continues for three pages and is closed by an entry, "Paid to M. Diggins as per dates." There is an-

other similar page with the heading, "Cash taken by M. Diggins." While the abbreviation "Dr." is not used, each entry is in the usual form of a charge. When it was shown that the parties were interested in the goods, from the sale of which these entries were derived, both the form of the entries and the subject matter determine this to be a book of account and the entries to be charges to the intestate. *Gleason & Field* v. *Kinney, Admr.*, 65 Vt. 560, and cases there cited and considered. It can hardly be conceived that entries of this character, covering four pages, could have been intended for memoranda, made and entered, to refresh the recollection only of the party making them. There was no error in overruling this exception.

II. He further contends that the referee erroneously allowed certain witnesses who had seen the intestate write his name, to testify whether the signature to a note in controversy, was the genuine signature of the intestate. A witness who has seen a person write but once, and then only his name, is deemed competent to testify to the genuineness of that person's signature. That he has seen him write only a little goes to the weight to be given to his testimony, and not to the competency of the witness. 1 Greenl. Ev., s. 577; *Wilson* v. *Van Leer*, 127 Pa. 371; 14 Am. St. Rep. 854; *Foye* v. *Patch*, 132 Mass. 105.

If such witness says he has no opinion in regard to whether the proposed signature is that of the claimed writer, it is not error to exclude him from testifying. *Guyette* v. *Bolton*, 46 Vt. 228; *Natl. Union Bank* v. *Marsh*, 46 Vt. 437; *Burnham* v. *Ayer*, 36 N. H. 182. But if the witness is permitted to answer that he can form, and has no opinion in regard to the genuineness of the proposed signature, if error, it is harmless error; for his testimony throws doubt upon, rather than tends to establish, the genuineness of the signature. *Taylor* v. *Sutherland*, 24 Pa. St. 333.

Hence there was no reversible error in receiving the testi-

mony of witness, Wright. He had seen the intestate write, and sign his name, some twenty years before. After the lapse of such a period, unless the signature of the intestate had marked peculiarities or the witness had an exceptional recollection, all of which was addressed to the judgment of the trier, his opinion, if given, would have slight probative force. But when the witness said he was in doubt, and could not swear one way or the other, his testimony could not harm the party contesting the genuineness of the intestate's signature. The witness, Blanchard, had seen the intestate write. From this the referee could find that he was competent to give his opinion in regard to the genuineness of the contested signature, although he did not then recall having seen him write his name. That he subsequently recalled that he had seen him write his name only added to the probative force of his testimony. This objection to the report of the referee was properly overruled.

*Judgment affirmed.*