## GILMAN BROTHERS *v.* AUSTIN T. BOOTH.

### May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

### Opinion filed January 17, 1917.

*Evidence—Parol Evidence Rule—Contents of Writing not a Material Fact in Issue—Harmless Error—Supreme Court Rule 7—Question for Jury—General Exception—Right to Instruction when Evidence is Conflicting.*

The rule that the contents of a writing cannot be proved by parol, except its loss or other foundation for the admission of secondary evidence has been shown, is not applicable where the contents of a writing is not a material fact in issue and the matter offered is collateral and the inquiry merely for the purpose of affecting the witness's credit.

Where it does not appear that a party's rights have been injuriously affected by the admission of immaterial evidence, under objection and exception, the judgment in the court below will not be reversed, in accordance with Rule 7 of the Supreme Court Rules.

Where there is evidence fairly tending to support the. claim of the plaintiff, there is a question for the jury, and defendant is not entitled to a directed verdict.

A general exception to the whole charge of the court is not available on review.

A defendant is not entitled to an instruction that he is not liable as to certain matters in controversy, when the evidence in respect thereto is conflicting.

GENERAL AND SPECIAL ASSUMPSIT, to recover for hay alleged to have been sold by plaintiffs to defendant.. Plea, the general issue. Trial by jury at the December Term, 1913, Caledonia County, *Fish,* J., presiding. Verdict and judgment for plaintiffs. Defendant excepted. The opinion states the case.

*Dunnett & Shields* and *James B. Donoway* for defendant.

*Porter, Witters & Harvey* for plaintiffs.

TAYLOR, J. The action is general and special assumpsit to recover for certain hay sold by the plaintiffs, as they claim to the defendant, but as he claims to one Williams for whom he was acting as agent. The plea was non-assumpsit and the trial was by jury with verdict and judgment for plaintiffs. The defendant brings the case here on exceptions.

The principal question at the trial was whether the defendant purchased the hay for himself or as agent for A. F. Williams of New York, a wholesale dealer in hay. Plaintiffs called the defendant as a witness and asked him if he purchased the hay in question. His reply was that he purchased it as the agent of Williams. In the same connection he testified that during the entire year previous to the transaction with the plaintiffs he did not do any business in hay on his own account, but solely as agent for Williams. Later, when on the stand in his own behalf, he testified in direct examination to the same effect. During his cross-examination he was asked if, in a certain suit in Franklin County in which Williams was defendant, the writ was served on him as Williams' agent. Against the objection that the testimony was immaterial, and further that the return was the best evidence, he answered under exception: ''I think it was.''

It is clear that the court's ruling did not violate the best evidence rule. The *contents* of a writing cannot be proved by parol, except its loss or other foundation for the admission of secondary evidence has been shown. But where the contents of a writing is not a material fact in issue and the matter offered is collateral and the inquiry merely for the purpose of affecting the witness' credit, the rule invoked is not applicable. *Randolph* v. *Woodstock,* 35 Vt. 291, 295; 2 Wig. on Ev. 1501, 1515; 2 Jones, Com. on Ev. §§ 203, 231; 1 Starkie's Ev. 203; 1 Elliott on Ev. 306; 10 R. C. L. 904. See also, *Billings* v. *Metropolitan Ins. Co.,* 70 Vt. 477, 41 Atl. 516; *Knapp* v. *Wing,* 72 Vt. 334, 47 Atl. 1075. Plaintiffs were not seeking to establish the fact that the defendant was then or ever acting as Williams' agent, but were seeking to discredit his testimony that he was dealing with them as such agent by showing that in a suit growing out of another hay transaction within the time covered by his testimony, in which the writ was served upon him as the agent of Williams, he testified that he was not so acting.

Such difficulty as the exception presents grows out of the

fact that the time when the writ was served upon him was subsequent to the time which he had testified in this suit marked the termination of the agency. The fact that he testified in the other suit that he was not Williams' agent at the time the writ was served upon him, standing alone, would not contradict his testimony given below. But the question was followed by an inquiry which developed the fact that it was claimed in the other suit that defendant was not Williams' agent; and defendant admitted having testified that he was not acting as his agent in the transaction there in controversy—a transaction within the time that he was now claiming to have acted exclusively as Williams' agent. Considering the incidental way in which the evidence came in and its relation to other evidence clearly material, as well as the charge of the court concerning the use to be made of it, we are not prepared to believe that defendant's rights were injuriously affected by its admission. The disposition of the exception is controlled by Rule 7 of this Court.

At the close of all the evidence defendant moved for a directed verdict on the grounds, in substance (1) that on all the evidence the hay shipped to the defendant had been paid for; (2) that if there was a sale to the defendant covering the six cars, plaintiffs by their conduct made it impossible to deliver the cars in accordance with the contract as they claim it, and so cannot recover. Briefly stated, there was evidence tending to show the following facts: Plaintiffs had a large quantity of hay situated in barns on several different farms. The defendant offered himself as a prospective purchaser. After seeing most of the hay he purchased the whole at $23 per ton on board the cars at St. Johnsbury. The hay was to be billed to Williams with sight drafts attached to the bills of lading. The sale was to defendant and nothing was said concerning his acting for Williams. In all 28 cars of hay were shipped under this contract. Plaintiffs' drafts were honored on 22 of them. Williams refused to honor the drafts covering the other six cars, claiming that only 22 cars were bought. He offered to handle the six cars on plaintiffs' account without commission and to advance $1,200 if the hay was released. The hay had arrived in New York and was subject to demurrage charges. One of the plaintiffs called on the defendant and acquainted him with the situation. Defendant expressed surprise that Williams had not honored the drafts,— said he had bought the hay and made no

question about it. He asked the plaintiffs to wire the railroad to deliver the cars to Williams and let him handle the hay, so as to stop demurrage. Defendant said he would go to New York and take the matter up with Williams and would settle with plaintiffs in a very short time. As a result of the interview it was arranged that plaintiffs should accept Williams' offer, the defendant agreeing to pay the balance of the purchase price, if they did not realize the full amount from Williams. Thereupon plaintiffs released the hay, which Williams sold and accounted for to plaintiffs at a sum considerably less than the agreed price and less than the sum advanced.

The substance of defendant's claim is that, in any event, a new contract was entered into as to the six cars that are the basis of this controversy; that plaintiffs accepted Williams' proposition to sell that hay on their account and substituted for defendant's original agreement his promise to pay the balance of the sale price, if Williams did not; and that this promise was within the statute of frauds. While there may have been evidence tending to support this claim, there was other evidence fairly tending to show that the defendant was not released from his original agreement and that the arrangement to accept Williams' proposition was made at defendant's request and for his accommodation. Standing thus, there was a question for the jury. On the view of the evidence most favorable to plaintiffs, the hay had not been fully paid for under the original agreement and the delivery of the six cars to Williams was pursuant to defendant's direction and in accordance with the contract as modified. Defendant was not entitled to a directed verdict on either ground of the motion.

In addition to the 28 cars of hay included in the original sale, plaintiffs at the same time had dealings with Williams growing out of a shipment of three cars which he had sold for them on commission and for which he had not remitted. It was conceded that the defendant was not in any way liable on account of this hay. Plaintiffs applied the $1,200 received when the six cars were delivered to Williams, first on the amount due from Williams·on the three cars sold on·commission and the balance on the six cars for which they claimed to hold the defendant, leaving $986.45 still unpaid. If the whole had been applied upon the six cars only $433.28 would have remained unpaid. The defendant took the following exception to the charge: "We

except to the charge because we say that there is no testimony in the case in any view of it that warrants any recovery beyond the sum of $433.28 with interest; that is, we say that there is nothing that in any event entitles them to recover anything on account of the six cars that were taken out of the deal by the plaintiffs, passed over to be disposed of on commission.''

This is a general exception to the whole charge which has repeatedly been held not to be available on review. *Carleton* v. *Fairbanks,* 88 Vt. 537, 93 Atl. 462; *Mellen* v. *U. S. Health & Accident Ins. Co.,* 85 Vt. 305, 82 Atl. 4. See also, *In re Bean's Will,* 85 Vt. 452, 82 Atl. 734. But beyond that, the defendant now relies upon a claim not adverted to in the exception taken. The point is now made that plaintiffs could in no event recover more than the sum named, because the $1,200 was paid to be applied upon the six cars in question and they had no right to apply a portion of it upon the three cars that Williams sold on commission. In the portion of the charge now pointed out the jury were told, in effect, that if they found plaintiffs were finally dealing directly with Williams as to the six cars and he settled for them according to their arrangement, as defendant's evidence tended to show the fact to be, he would not be liable on account thereof. As we have already seen the evidence was conflicting and defendant was not entitled to an instruction that he was not liable on account of the six cars. The failure to so charge seems to be what plaintiff was complaining of when the exception was taken and not the failure to charge that plaintiffs were not entitled to make the application now complained of. We are forced to overrule defendant's exception to the charge on both of these grounds.

Defendant's exceptions do not show reversible error.

*Judgment affirmed.*