IN RE WILLIAM CHISHOLM'S WILL.

February Term, 1919.

Present:   WATSON, C. J., POWERS, and TAYLOR, JJ., and FISH, SUPR. J.

Opinion filed October 9, 1919.

*Secondary Evidence of Contents of Hotel Register—Wills—Undue Influence—Evidence—Failure to Comply with Requests to Charge—Sufficiency of Exception—Charge on Undue Influence—Exceptions Waived by Failure to Brief Them.*

Parol evidence of the contents of a hotel register was properly excluded where no foundation was laid for the recepit of such secondary evidence.

In a will contest on the ground of undue influence, statements by the person claimed to have exercised the undue influence of her confidence in her ability to influence the testator were properly excluded as immaterial.

In such case, evidence fairly and reasonably tending to show hostility on the part of the person claimed to have exercised the undue influence toward the contestant, entertained at or within a reasonable time before the date of the will in question, might be admissible.

But where the evidence claimed to show such hostility had reference to a will made by the testator more than twenty years before the execution of the will in question, and might have as well indicated a disposition toward fairness to the other relatives of the testator as hostility to the contestant, its exclusion was not error.

Where a party regards a charge as given as an insufficient compliance with his requests, he should call the court's attention to the particular in which it is faulty.

The test of the sufficiency of an exception to a charge is whether it fairly directed the attention of the court to the claimed error.

An exception to the court's charge on undue influence is without merit where the charge, taken as a whole, was that the influence must be effective at the time the will is made.

Exceptions, to be considered by the Court, must not only be briefed, but must be adequately briefed.

APPEAL from the probate court for the District of Manchester on allowance of the will of William Chisholm, contested on the ground of incapacity and undue influence. Trial by jury at the December Term, 1916, Bennington County, *Miles*, J., presiding. Verdict for proponent sustaining the will. Judgment on the verdict. The contestant excepted. The opinion states the case.

*J. K. Batchelder* and *C. H. Donahue* for the contestant.

*F. C. Archibald* and *R. E. Healy* for the proponent.

The mere fact that the hotel register was out of the jurisdiction did not make secondary evidence of its contents admissible. *State* v. *Alpert*, 88 Vt. 191; *Osborne* v. *Grand Trunk*, 87 Vt. 104; *Sanders* v. *Burnham*, 91 Vt. 480; *Gilman Bros.* v. *Booth*, 91 Vt.

123; *Clement* v. *Graham*, 78 Vt. 290; *Moore* v. *Beattie*, 33 Vt. 219, 223; *Fletcher* v. *Jackson*, 23 Vt. 581, 591; 17 Cyc. 530; Wigmore, Vol. II, p. 1440, § 1213; *New England M. S. Co.* v. *Anderson*, 120 Ga. 1010, 48 S. E. 396; *Bishop* v. *American Preservers' Co.*, 157 Ill. 284, 307, 41 N. E. 765; *Donald* v. *Erbes*, 231 Ill. 295, 83 N. E. 162; *Kearney* v. *Mayon*, 92 N. Y. 617, 621; *Pringle* v. *Guss*, 16 Okl. 82, 86 Pac. 292; *McGregor* v. *Montgomery*, 4 Pa. St. 237; *McCollum* v. *Southern P. R. Co.*, 31 Utah 494, 88 Pac. 663; *Burger* v. *Princeton & S. M. M. F. Ins. Co.*, 129 Wis. 281, 109 N. W. 95.

POWERS, J.   George Chisholm is contesting the will of his brother William, and brings up these exceptions from a judgment establishing the instrument propounded.   He predicates his contest upon the alleged incapacity of the testator and the undue influence of Louise Chisholm, the widow of a deceased brother, John.

It appeared that the testator lived in the family of John and Louise at Ayer, Massachusetts, for a number of years prior to John's death, which occurred in 1895.   After this, and in 1899, William and Louise moved to Bondville in this State, and lived there together until the death of the former, which occurred on May 21, 1916.   William was then over seventy-seven years old.   Louise was then seventy-eight.

The contestant testified that in the fall of 1862, William and Louise came to the former's old home in Nova Scotia on a visit.   And he offered to show in that connection that on that occasion he saw on the register of the McCulley House, a hotel where they stopped on their way to his father's, an entry in William's handwriting as follows: "William Chisholm and wife, Boston," with one number of a room set opposite it.   To this the proponent objected, and it was excluded, and the contestant excepted.

The ruling was without error.   No foundation was laid for the receipt of secondary evidence, and parol evidence of the contents of the register was therefore inadmissible.   *Osborne* v. *Grand Trunk R. Co.*, 87 Vt. 104, 88 Atl. 512, Ann. Cas. 1916 C, 74; *State* v. *Alpert*, 88 Vt. 191, 92 Atl. 32; *Gilman Bros.* v. *Booth*, 91 Vt. 123, 99 Atl. 730.

Duncan Chisholm, another brother of the testator, was a witness for the contestant, who offered to show by him that

Louise, in speaking of a former will, said in substance that William made a will while at Ayer, but she (Louise) would not have that will because it left the contestant too much. This offer was predicated upon two specified grounds: To show the mental feeling of Louise toward the contestant; and to show her confidence in her ability to influence the testator. What she thought about her ability to influence William and her confidence therein were entirely immaterial and the ground last stated merits no consideration. But if, as claimed, this evidence fairly and reasonably tended to show hostility on her part toward the contestant, entertained at or within a reasonable time before the date of the will in question, it might be admissible. It is to be noted that this statement referred to a will made more than twenty years before the will in question was executed. Of that will, all we know is that Louise was the principal legatee and that it carried some minor bequests to others. Whether the contestant was a legatee therein, and if so to what amount, does not appear. For aught that appears, the statement, if made, may have as well indicated a disposition toward fairness to the other relatives as hostility to the contestant. There was not enough shown to make the statement admissible on the ground specified and its exclusion was not error. *In re Martin's Est.*, 92 Vt. 362, 104 Atl. 100. And if it was, the importance of the evidence, in view of the testimony as to the contents of that will, was too trivial to make its exclusion harmful.

The contestant complains that two of his requests to charge were not sufficiently complied with. These requests related to the relations which existed and had previously existed between Louise and William and her influence over him in other matters as shown by the evidence. They were not in terms complied with. But the court intended and attempted to comply with these requests, as is made manifest by his reference to them. And the jury was instructed to weigh and consider the circumstances, both those directly connected with the execution of the will and those not bearing directly upon it; and to consider the relations of the testator, both past and present, with those with whom he lived when the will was made. If the contestant regarded this as an insufficient compliance with his requests, he should have called the court's attention to the particular in which it was faulty. The test of the sufficiency of an exception is whether it fairly directed the attention of the court to the

claimed error. *Fitzgerald* v. *Metropolitan Life Ins. Co.*, 90 Vt. 291, 98 Atl. 498. Had the contestant pointed out the shortage in this attempt to comply with the requests, no doubt the court would have amplified the charge satisfactorily. See *In re Bean's Will*, 85 Vt. at page 464, 82 Atl. 734.

The contestant excepted to that part of the charge wherein the court instructed the jury that in order to defeat the will the undue influence must have been exerted upon the very act of making the will. The fault found with this instruction is that it gave the jury to understand that the person chargeable with undue influence must have been actively engaged in exerting such influence over the testator at the very time the will is executed. But taken as a whole, the charge does not convey this idea. All that it means is that the influence must be effective at the time the will is made. It may be that the language was not happily chosen, but it was, in the main, the language of this Court. *Foster's Exrs.* v. *Dickerson*, 64 Vt. at page 265, 24 Atl. 253; *Smith's Exr.* v. *Smith*, 67 Vt. at page 445, 32 Atl. 255.

Other exceptions were saved at the trial but they are not briefed. The contestant says that they are not waived, and we take it from this statement in the brief that he relies upon them. But the failure to brief them is a waiver of them. Not only must exceptions be briefed in order to be considered by this Court, but they must be adequately briefed. *Drown* v. *Oderkirk*, 89 Vt. 484, 96 Atl. 11.

*Judgment affirmed. Let the result be certified to the probate court.*