ALICE ANDREWS *v.* CARL J. ALDRICH.

January Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed February 4, 1932.

*Martin S. Vilas* and *Mary C. Alafat* for the defendant.

*M. G. Leary* and *K. Paul Fennell* for the plaintiff.

MOULTON, J. This is a bastardy proceeding which, having ended adversely to the defendant in the trial court, is here for review upon his exceptions.

Mrs. Wesley Orcutt, a witness called by the defendant, testified that a little more than a year before the trial, she had seen two or three letters addressed to a Mrs. Cobb, and signed ''Alice.'' It was proposed to show that these letters, which were not produced, but which counsel stated were not to be found, were in the handwriting of the complainant. In reply to inquiries put by the presiding judge, the witness said that she had never had correspondence with or received letters from the complainant, but that on one other occasion, while a fellow employee with the complainant, she had seen certain business papers, with the latter's name signed thereto, although she had not seen her write it. The court refused to find her competent to testify as to the handwriting of the letters, and no exception was taken to this ruling. The witness was then withdrawn from the stand, and following a recess, the defendant testified that during the intermission he had shown her a number of business reports, written by the complainant, which were not produced. Then the witness resumed the stand and was asked whether the letters signed ''Alice'' were in the same handwriting as the papers she had once seen, and the reports shown her by the defendant. The question was excluded and the defendant excepted.

 No error appears in this ruling. The witness was not claimed to be an expert, but was offered as one acquainted with the complainant's handwriting. Her competency was a question directed to the trial court and was to be found as a preliminary fact by it before her testimony could be received. *Cairns* v. *Mooney,* 62 Vt. 172, 173 ff., 19 Atl. 225. Unless the ruling was erroneous upon the evidence, or founded upon an error of law, it is not revisable. *Congdon* v. *Torrey,* 95 Vt. 38, 42, 112 Atl. 202; *Capital Garage Co.* v. *Powell,* 97 Vt. 204, 210, 122 Atl. 423. The court was entirely justified in failing to find that this witness came within the rule laid down in *Redding* v. *Redding's Estate,* 69 Vt. 500, 502, 38 Atl. 230, 231; that "one is deemed to be acquainted with the handwriting of another person when he has seen him write, though but once, and then only his name; or when he has received letters or other documents purporting to be written by that person in answer to letters or other documents written by the witness, or under his authority, and addressed to him; or when he has seen letters or other documents purporting to be in that person's handwriting, and has afterwards personally communicated with him concerning their contents, or has acted upon them as his, he knowing thereof and acquiescing therein; or when the witness has so adopted them into business transactions as to induce a reasonable presumption and belief of their genuineness; or when, in the ordinary course of business, documents purporting to be written or signed by that person have been habitually submitted to the witness." See, also, *In re Estate of Barron,* 92 Vt. 460, 464, 105 Atl. 255; *State* v. *Kent,* 83 Vt. 28, 34, 74 Atl. 389, 26 L. R. A. (N. S.) 990, 20 Ann. Cas. 1334; *In re Diggins' Estate,* 68 Vt. 198, 200, 34 Atl. 696; *Guyette* v. *Bolton,* 46 Vt. 228, 233; *National Bank* v. *Marsh,* 46 Vt. 443, 447.

 No ground for the exclusion was stated, but the defendant evidently regards it as based upon lack of competency, for this question is briefed. And so we take the same view of it. Furthermore, the ruling of a trial court is to be upheld, if it can be, upon any legal ground, and we do not search the record for grounds upon which to predicate error. *Higgins, Admr.* v. *Metzger,* 101 Vt. 287, 297, 143 Atl. 394.

 The offer to show the contents of the letters, by this same witness was properly excluded. Before secondary evidence

238

of the contents of a document is admissible, it must first be shown that it has been lost or is otherwise unavailable. *Residents of Royalton* v. *C. V. Ry Co.*, 100 Vt. 443, 449, 138 Atl. 782; *In re Chisholm's Will*, 93 Vt. 453, 455, 108 Atl. 393; *Gilman Bros.* v. *Booth*, 91 Vt. 123, 124, 99 Atl. 730; *Thrall* v. *Todd*, 34 Vt. 97, 100; *Fletcher* v. *Jackson*, 23 Vt. 581, 591, 56 A. D. 98; *Royalton* v. *Royalton & Woodstock Turnpike Co.*, 14 Vt. 311, 323, 324; *Viles* v. *Moulton*, 11 Vt. 470, 475. This is a preliminary question, proof of which is addressed to the court. *Sanders* v. *Burnham*, 91 Vt. 480, 483, 484, 100 Atl. 905; *Woicicky* v. *Anderson*, 95 Conn. 534, 111 Atl. 896, 897. There was no such proof here. The statement of counsel to the effect that neither the letters nor Mrs. Cobb, the addressee, could be found, did not take the place of evidence of this fact. And, moreover, there was no evidence that the letters were in the handwriting of the complainant.

■ The complainant testified that the act of intimacy which resulted in her pregnancy took place in an office in Burlington, where she was employed as stenographer, some time during the first three weeks in January, 1930. Charles Orcutt, a witness called by the defendant, after having testified that he and the defendant were together in Burlington five or six times during the period in question, was asked: "During the first three weeks in January, was Mr. Aldrich ever in the office without you were with him?" The question was excluded, and the defendant excepted. But the same witness was permitted to testify that during that period, while the two were in Burlington together, the defendant was not absent from him for more than two minutes at a time, and he also said, on cross-examination that there might have been an hour now and then when he was not with him. In these circumstances, it does not sufficiently appear that the defendant's rights were injuriously affected by the ruling, and therefore, the error, if any, is not affirmatively shown to have been prejudicial. *Parker* v. *Roberts*, 99 Vt. 219, 225, 131 Atl. 21, 49 A. L. R. 1382; *State* v. *Fairbanks*, 101 Vt. 30, 34, 139 Atl. 918.

■■ The defendant excepted to the failure of the court to charge that "if the jury find that any witness made statements in court inconsistent with and at variance with statements out of Court, the jury have a right to disregard the testimony

of the witness entirely upon that point provided the jury believe and find that the witness on that point has falsified.'' The court has already instructed the jury that if a witness were found to have made statements out of court, inconsistent with his testimony given in court, such statements, while not evidence of the fact as stated, were for consideration in determining the credit of the witness and the weight to be given his testimony, the extent of which impeachment was for the jury to say.

While it was the duty of the court, without request, to charge upon all the substantial issues in the case, it was not bound to make every conceivable comment upon the evidence and the weight of it. *State* v. *Fairbanks, supra,* at page 40 of 101 Vt., 139 Atl. 918; *Ryder* v. *Vt. Last Block Co.,* 91 Vt. 158, 167, 99 Atl. 733. The charge as given sufficiently covered the subject, and could not have been misunderstood by the jury. No error appears.

*Judgment affirmed.*