RUSSELL S. PAGE *v.* THOMAS J. McGOVERN.

November Term, 1938.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 3, 1939.

*Fred E. Gleason* for the defendant.

*Benjamin N. Hulburd* for the plaintiff.

MOULTON, C. J. This is an action in tort, in which the plaintiff seeks to recover damages for injuries to his automobile, caused by a collision with a truck owned by the defendant and driven at the time by the latter's agent. The verdict and judgment were for the plaintiff and the cause is here upon the defendant's exceptions.

At the close of the evidence the defendant moved for a directed verdict, upon the grounds, briefly summarized, that the plaintiff had failed to show that any negligence of the defendant's agent was a part of the proximate cause of the accident, and that the plaintiff himself and the driver of his automobile were, as a matter of law, guilty of contributory negligence. The motion was denied subject to exception.

The accident took place in a covered bridge, after dark on a late afternoon in December, 1937. On the easterly side of the river the road approaches from the south and then turns to the west a short distance from the bridge. On the westerly side the road comes from the north and, after a reverse curve, enters the bridge on a sharp turn to the east and up a slight grade. The bridge is 82 feet long and 16 feet wide.

The evidence, taken most favorably for the plaintiff, warranted the jury in finding the following facts: The plaintiff's car approached the bridge from the east at a rate of 18 to 20 miles an hour and both the plaintiff and his driver saw the lights

of the defendant's truck on the other side of the river. As he entered the bridge the plaintiff's driver reduced speed to 15 to 18 miles an hour. When about half way through he saw the defendant's truck entering diagonally in front of him and slowed down again to 10 to 12 miles an hour, being all the time on the extreme right hand side, as near the wall of the bridge as was practicable. The floor of the bridge was slippery with ice and snow that had drifted in, and the driver tried to stop but feared that the car would skid if the brakes were applied suddenly, and so put them on as much as he could without causing a skid. The bridge was wide enough to permit both vehicles safely to pass each other, if they pursued parallel courses, but the defendant's truck, having entered diagonally, had its rear left dual wheels so far on the plaintiff's side of the bridge that they struck the front left wheel of the latter's car and produced the injuries complained of. The plaintiff's car stopped immediately when struck and was then only 2 or 3 inches away from the wall. The truck did not stop, but went on until it had passed the other vehicle. Both were proceeding at approximately the same rate of speed at the time of the collision. The driver of the truck testified that he did not see the lights of the plaintiff's car until he was entering the bridge, although he looked when about 75 feet away, at which point, he said, he could see beyond the corner of the bridge. The accident happened about a car's length from the west entrance of the bridge.

The evidence standing thus, it was open to the jury to find that the defendant's driver did not keep to the right of the center of the highway when he turned to enter the bridge, and entered it with the rear of his truck so far to the left of the center that there was no room for the other automobile to pass. Although he may not have seen the lights, because the bridge was a covered one, he was not entitled to assume that it was unoccupied. There was, therefore, evidence from which the jury could find negligence on his part, proximately causing the injury.

In support of the claim of contributory negligence it is argued that the undisputed physical facts, which as we have said in *Widham* v. *Town of Brattleboro*, 105 Vt. 210, 215, 166 Atl. 22, and other cases, will not be ignored, show that the plaintiff's car was not under reasonable control as it proceeded

through the bridge, because "reasonable control is the ability to stop quickly and easily; and when this result is not accomplished an inference is warranted that the car was running too fast, or that a proper effort to control was not made." *Standard Oil Co. of N. Y.* v. *Flint,* 108 Vt. 157, 160, 183 Atl. 336, 337. But, assuming that such inference might properly be drawn under the circumstances of this case, it would not be decisive of the issue. Although the driver of the plaintiff's car was aware that another motor vehicle was approaching the bridge from the opposite direction, he, and the plaintiff, also, was entitled to assume that the other driver would obey the law and keep to the right of the center of the highway so as to allow safe passage, and they might persist in this assumption until they saw, or in the exercise of reasonable care ought to have seen, that it was unwarranted. *Farrell* v. *Greene,* 110 Vt. 87, 2 Atl. (2d) 194, 195; *Sulham* v. *Bernasconi,* 106 Vt. 192, 201, 170 Atl. 913. Their care and diligence must be measured in view of this assumption. *Porter* v. *Fleming,* 104 Vt. 76, 80, 156 Atl. 903; *Crossman* v. *Perkins,* 101 Vt. 94, 99, 141 Atl. 594. The jury would have been justified in finding that, after having become aware that the truck was entering the bridge at an angle, the driver did all that he could to stop consistently with the avoidance of a skid which, if it had occurred, might well have resulted in a much more serious accident than the one that took place. It could not be said, as a matter of law, that his speed was excessive or that the car was out of control. Indeed, it appears by no means certain that, had he stopped, the collision would have been avoided.

The defendant stresses certain testimony of the plaintiff's driver to the effect that he thought that he had "a fighting chance" to avoid the collision, and argues that this statement shows a lack of due care in proceeding through the bridge. But the transcript discloses that what was said referred to the instant when the truck and its course became visible to him, and, as we have seen, his subsequent conduct justified the court in submitting the issue to the jury. There was no error in the denial of a motion for a verdict.

The plaintiff testified, during direct examination, that he saw the lights of the truck on the opposite side of the river, and that his car was then within 2 or 3 rods from the bridge, and the truck near another bridge, between 15 and 20 rods from the

one where the accident occurred. He was then asked to compare the relative speed of the two vehicles and answered: "Well, they must have travelled about three times as much distance as we did before we struck." The defendant moved to have this answer struck out, because there was no sufficient foundation for the conclusion. The motion was denied, subject to exception. There was no error in the ruling. The witness had given his judgment as to the distances, without objection, and this testimony while, no doubt, only an estimate, but which may be assumed to have been as accurate as possible under the circumstances, constituted a sufficient foundation for his later answer. The respective distances between the two points and the place of collision were material upon the question of relative speed.

 It appeared that the truck had no clearance lights, and the plaintiff introduced evidence tending to show that its width exceeded 80 inches, thus making such lights necessary equipment if operated later than 30 minutes after sunset, under the provisions of P. L. 5120. The defendant offered in evidence an inspection certificate of the truck dated May 25, 1937, to the effect that its equipment was in accordance with the law, for the purpose of showing that its width was not more than 80 inches. There was evidence to the effect that the dimensions of the vehicle had not been changed between the date of the certificate and the time of the accident. The offer was excluded and the defendant excepted. Subsequently, however, another certificate to the same effect, dated November 12, 1937, was received in evidence. Neither certificate has been furnished us, but it was conceded on trial, that the first one contained no direct reference to the width. However, if there was error in the exclusion of the first it was rendered harmless by the admission of the second, by which the defendant had the benefit of substantially the same evidence. *Residents of Royalton* v. *Central Vt. Ry. Co.*, 100 Vt. 443, 450, 138 Atl. 782; *Griffin* v. *Boston & M. R. R.*, 87 Vt. 278, 289, 89 Atl. 220; *Livingston Mfg. Co.* v. *Rizzi Bros.*, 86 Vt. 419, 421, 85 Atl. 912.

 The jury were instructed that the question whether the width of the truck was, in any part, more than 80 inches, was for them to determine upon the evidence. An exception was taken by the defendant, upon the ground the evidence failed to show that any permanent part of the truck exceeded this width.

The measurements taken by the plaintiff included the ring bolts, which projected on each side of the rear of the rack, and it is argued that, since the sides of the truck were removable, and were taken off when hay was drawn, they should not be considered in measuring the width. But the statute (P. L. 5120) provides that where the vehicle "in any part" exceeds the prescribed width, clearance lights shall be used. The fact that a part may be removed so that the width is thereby made less than 80 inches does not relieve the owner or operator from the statutory obligation when this is not done. No error appears.

 It is also argued that there was no evidence that the lack of a clearance light was any part of the proximate cause of the accident, but since the transcript shows no exception taken upon this ground, we do not consider it. *Higgins, Admr.* v. *Metzger,* 101 Vt. 285, 296, 143 Atl. 394; *Temple* v. *Atwood,* 100 Vt. 371, 372, 137 Atl. 321; *Land Finance Co.* v. *St. Johnsbury Wiring Co.,* 100 Vt. 328, 332, 137 Atl. 324. If it is claimed that the first exception to the charge that "as a matter of law the plaintiff has not made out a case entitling him to go to the jury," raises the question, the obvious answer is that this exception is too general to be availing in this regard. *Gilman Bros.* v. *Booth,* 91 Vt. 123, 127, 99 Atl. 730.

What we have said concerning the motion for a directed verdict disposes of the exception taken to the denial of the motion to set aside the verdict.

*Judgment affirmed.*