RUSSELL SAWYER

v.

ROSWELL CHILD.

January Term, 1896.

*Suit may be sustained though no decree filed.    Docket entries as evidence.    Decree by stipulation.    Interest.*

The defendant by his note promised to pay the plaintiff a certain sum "provided the plaintiff in the suit against I. D. and Mary Robinson sustain their case and find the defendants the above amount indebted to them."    The suit was in chancery then pending.  Subsequently the supreme court decided that the orator could recover, and at a later term of the county court counsel entered into a written stipulation as to the amount of the damages and the decree was entered upon the docket.  *Held :*

1.    The plaintiff might recover, although no formal decree had been signed and entered.

2.    The clerk of the court of chancery might read from his docket entries as evidence to show the disposition of the chancery suit.

3.    The judgment in the chancery suit would be none the less effectual because the amount of the damage was determined by stipulation.

4.    If the defendant sought to show that the stipulation was obtained by fraud, the burden of proving that issue would be upon him.

5.    A note reading "with interest" carries simple interest only.

Assumpsit upon a promissory note.  Plea, the general issue with notice of special matter.    Trial by jury at the Septem-

ber term, 1895, Washington county, Thompson, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

*Dillingham, Huse & Howland* for the defendant.

The testimony of the clerk was not admissible to show a decree. *Austin* v. *Howe*, 17 Vt. 654; *Armstrong* v. *Colby*, 47 Vt. 359.

The burden was upon the plaintiff to show that the stipulation was an honest transaction. *Gibson* v. *Leyes*, 6 Ves. 278; *Cane* v. *Ld. Allen*, 2 Dow. 289.

*E. A. Heath, T. J. Deavitt* and *S. C. Shurtleff.* for the plaintiff.

The decision of the supreme court in *Dale* v. *Robinsons* fixed the right of the orator to recover in that case; and the agreement of the parties as to the amount of the damages did not affect the validity of the subsequent decree. *Dale* v. *Robinsons*, 51 Vt. 20; *Gale* v. *Butler*, 35 Vt. 449; *Sortwell* v. *M. & W. R. R. Co.*, 56 Vt. 180; *Sherman* v. *Windsor Manufacturing Co.*, 57 Vt. 57; *Stannard* v. *Harrison*, 19 Weekly Rep. 811; *Harrison* v. *Ramsey*, 2 Veasey Sen. 488; *Moss* v. *Leeatham*, 2 Moor P. C. 73; *Parker* v. *Simpson*, 18 Weekly Rep. 204; *Gilbert* v. *Endean*, 9 Ch. D. 259, 266; *Flower* v. *Lloyd*, 6 Ch. D. 297; *Holt* v. *Jesse*, 3 Ch. D. 177.

The docket entries were properly admitted. *Mattocks* v. *Bellany*, 8 Vt. 463; *Allis* v. *Beadle*, 1 Tyler 179; *Armstrong* v. *Colby*, 47 Vt. 359; *McGrath* v. *Segram*, 2 Allen 443; *Central Bridge* v. *Lowell*, 15 Gray 106; *Luce* v. *Dexter*, 135 Mass. 23.

The defendant alleged fraud in the stipulation and must prove it. 1 Greenl., Ev. s. 80; 2 Best, Ev. s. 314.

ROSS, C. J. · This is an action to recover upon a promissory note. The note reads :

"Moretown, August 25th, 1883.· For value received I promise to pay Russell Sawyer or order three hundred and twenty dollars and thirty-five cents on demand with interest. Provided the plaintiff in the suit against I. D. and Mary Robinson sustain their case, and find the defendants the above amount indebted to them.			"ROSWELL CHILD."

The suit referred to in the proviso is *Dale* v. *Robinsons*, 51 Vt. 20. The orator in that suit sought to have certain debts due him paid out of the separate property of the wife. Her property was sequestered, and sold by the plaintiff, as an officer, at auction. The plaintiff was to hold the funds to await the result of the suit. The defendant bid off the property sequestered. Instead of paying the money for the property purchased, he gave the plaintiff a due bill therefor. When that was about to outlaw he took it up and gave the note in question, with the consent and approval of the Robinsons. The suit was heard and decided in this court at its general term in 1878, and a mandate was sent to the court of chancery commanding that court to have the amount due the orator, on the claims set forth in the bill, ascertained by a master, and decreed to be paid out of the separate property of the wife, the decree to be enforced by any proper process. The suit remained pending in the court of chancery until its September term, 1894. At that term of the court the solicitors for the parties filed a stipulation duly signed agreeing that there was due the orator upon the grounds mentioned in the pleadings the sum of five hundred and eighty-three dollars and thirty cents from the defendants, and that a decree be rendered for the orator for that amount. A decree was entered upon the docket in accordance with the stipulation, and the proceeds of the sale of the property upon the writ of sequestration was ordered to be paid to the orator.

1. When this suit came on for trial a decree in that suit had not been drawn and signed, nor enrolled.

The defendant duly excepted to the admission of the entries in the equity suit, testified to by the clerk of the court of equity, to establish a compliance with the conditions of the note. He contends that the only record in a suit in equity is the decree and its enrollment. This is established by the decisions of this court cited by the defendant. But the condition is not that the rights of the orator in *Dale* v. *Robinsons* shall be established by a duly signed or enrolled decree. It is that he shall sustain his case, and find the defendants indebted to him to the amount of the note. The defendant further contends that the trial being on the law side of the court, the court could not look into the files and docket entries, in the equity suit, and that the only way it could be shown that the orator had sustained his suit was by a duly certified copy of the decree or record, and as there was no such decree or record no proof could be made. He did not except to these facts being shown by the clerk of the court of chancery if they could be shown otherwise than by a duly certified copy of the decree or record. This contention is not maintainable. *Viles & Atkins* v. *Moulton*, 11 Vt. 470, is authority for allowing this kind of proof to establish what has been adjudicated in a suit in equity in which a decree has not been drawn and signed nor enrolled. The defendant further contends that the proviso contemplates that the amount due the orator in the suit in equity should be ascertained by a master and not by the agreement of the solicitors of the parties. He contends that the cause had been referred to a master at the time the proviso was made and the proviso impliedly contemplated that the amount due should be ascertained by the master because such was the orderly course of proceeding. It is a sufficient answer that the proviso does not confine the ascertainment of the amount due the orator in that suit to any particular method. The parties might therefore use any lawful method for ascertaining the sum due the orator in that suit, provided the decree thereon was a lawful decree of the court

in the suit.    There is no legal objection to parties in a suit at
law, or in equity, though their attorneys as solicitors, stipula-
ting in regard to the amount for which judgment or decree is
to be rendered.    Such agreement is in the line of the process
under which the court is proceeding, and is clearly distin-
guishable from agreements for judgments or decrees *aliunde*
the process before the court.    Any concession or agreement,
which only furnishes to the court what it otherwise must as-
certain by proof, when proceeding orderly upon the process
before it, does not render the judgment or decree ren-
dered on the process under consideration, a *consent judg-
ment or decree*, or one which derives its force from the
agreement of the parties.    Such judgments and decrees
rendered upon pending processes, are none the less the
judgment and decrees of the court rendered in due course,
because the parties have conceded some or all the facts
necessary for the rendition of them.    When the court
has the parties before it on a proper and ,legal process,
its judgment and decree is none the less a judgment
and decree of the court because rendered on an agreed
statement of facts, submitted by the parties.    The de-
fendant does not contend that either a rehearing or a bill
of review would now be available to the defendants in the
equity suit.    Hence, on the evidence properly admitted, the
orator in that suit had fully sustained his suit and fulfilled the
conditions of the note.    There was no error in the charge of
the court on this branch of the case.

2.    The defendant contends that the court erred in holding
that the burden was upon the defendant to establish that the
stipulation filed in the equity suit was procured by fraud.
Fraud is not to be presumed.    Good faith and fair dealing is
to be presumed until something is shown to the contrary.
The stipulation, presumably, was an honest, binding one until
the contrary was shown.    The defendant alleged that it was
fraudulently obtained.    It was for him to establish this.

As tersely stated by Stephens in the Digest of the Law of Evidence, Art. 93 :

"Whosoever desires any court to give judgment to any legal right or liability dependent on the existence of facts which he asserts or denies must prove that those facts do or do not exist."

3. The court correctly allowed simple interest on the note. This was according to the agreement of the defendant in the note. What might have been the plaintiff's right in this respect, if no note had been given, need not be considered.

*Judgment affirmed.*

THOMPSON, J., did not sit, being engaged in county court.